KLIEBERT, Judge.
These consolidated cases arose out of a collision on March 11, 1977 between, a Louisiana Transit Company (hereafter Transit) bus operated by Joseph A. Onebane, Jr. (hereafter Onebane) and a vehicle owned by Mrs. Gale T. Mitchell, parked on the shoulder of the road next to the service road for North Causeway Boulevard in the Parish of Jefferson. Mrs. Mitchell sued Transit, One-bane and their insurer, Transit Casualty, for personal injuries and property damages arising out of the collision. This suit was consolidated for trial with a suit by Charles and Jean Lee, individually and on behalf of Greta Jean Lee, their minor daughter who was a passenger on the bus, against the same defendants. Mrs. Mitchell was also a defendant in the Lee suit. In the suit brought by Mrs. Mitchell, Transit reconvened for the cost of repairing the bus and in the suit by the Lees, it filed a third party demand against Mrs. Mitchell for indemnity and/or contribution.
Following the trial, the trial judge rendered judgment dismissing Transit’s recon-ventional demand and its third party demand and awarded judgment in the amount of $3,493.00 in favor of Mrs. Mitchell, and in favor of the Lees in the amount of $2,277.00, in solido, against all defendants, except Mrs. Mitchell. The Lees’ suit against Mrs. Mitchell was also dismissed. The defendants appeal on both liability and quantum. Transit, Onebane and their insurer also appealed. The appeal raises four issues, i.e., the negligence of Onebane, the contributory negligence of Mrs. Mitchell, the error of the trial judge in accepting the investigating police officer as an expert and the excessiveness of the awards.
Mrs. Mitchell parked her vehicle along the shoulder of the service road in a posted “No Parking Zone” and was in the process of alighting from her vehicle when her car door came into contact with the right front wheel of the bus. Prior to the accident, the bus had been traveling in a northerly direction on the service road toward Lake Pontchartrain. As the transit bus proceeded through the intersection at 49th Street, a Jefferson Parish School Bus was approaching the transit bus from the opposite direction.
The issue as to the mechanics of the accident is whether the transit bus swayed from the traveled portion of the roadway and struck the partially opened left door of Mrs. Mitchell’s vehicle or whether Mrs. Mitchell opened the door of her vehicle into the traveled portion of the roadway causing it to be collided into by the transit bus. The trial judge concluded Onebane swayed the transit bus partially unto the shoulder in order to avoid the school bus and in so doing struck the partially opened door of Mr. Mitchell’s car.
In Canter v. Koehring, 283 So.2d 716 at page 724, the Supreme Court set the standard of review as follows:
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.”
After a careful review of the record, we cannot say the trial judge committed mani *841 fest error. Considering the testimony of Mrs. Mitchell, that the car door had been opened to its fullest extent and then partially closed, the distance between her car and the traveled roadway, and the statement by Onebane at the time of the accident that he swerved the transit bus to avoid the school bus, there is ample evidence to support the trial judge’s conclusion. Based on this same testimony, it is also reasonable to conclude that the fact Mrs. Mitchell parked in that particular place or opened her door on the side of the moving traffic in violation of statutory provisions was not the cause in fact of the accident. Further, the mere violation of a prohibitive statute does not automatically constitute negligence. Weber v. Phoenix Assurance Co. of New York, 273 So.2d 30 (La.1973). Accordingly, we affirm his decision on liability.
It was of little moment whether the trial court on its own motion qualified Officer Boudreaux as an expert. The only testimony given by him which approached opinion evidence was his testimony as to the point of impact which in effect was nothing more than an identification of the place on the shoulder where he found the broken glass from the car door. This was a physical fact visible on examination at the scene and a fact which the examining officer is fully qualified to testify to as a lay witness. Notwithstanding the years of experience of the investigating officer, his testimony required no greater expertise than that possessed by a lay person. Hence, the trial judge erred in awarding an expert witness fee and taxing same as costs under the provisions of R.S. 13:3666. See Welton v. Falcon, 341 So.2d 564 (4th Cir. 1976). The officer is, however, entitled to a fee as a lay witness and such a fee may, under the provisions of R.S. 13:3671, be taxed as cost.
Mrs. Mitchell received medical treatment from Dr. John E. Lindner from March 14,1977 through May 30,1977. At the time of trial she was still complaining of pain in the rib area. Dr. Lindner’s report was stipulated in evidence. He diagnosed her injury as “severe emotional upset, acute cervico, thoracico sprain and severe contusion of the right chest and abdomen”. He prescribed “heat therapy, rest, analgesics, muscle relaxants, ultra-sonic and intramuscular combined therapy and regulated exercises”. When discharged on May 30, 1977, he felt she had fully recovered from her injuries. His charges were $65.00 for the initial examination plus $20.00 per visit for 18 visits or a total of $425.00. She missed some time from work but was uncertain as to the amount of time. The trial judge awarded $3,493.00 for the special damages and the general damages.
Greta Lee was treated by Dr. F. J. Padua from March 15, 1977 through June 27, 1977. His report was stipulated in evidence. Dr. Padua diagnosed her injury as a cervical sprain. He instructed her to apply moist heat to her neck at home and prescribed a muscle relaxant and an analgesic. She was seen at his office on twelve occasions between March 15, 1977 and June 27, 1977 when she received diathermy treatment. His total charge for the initial examination, tests, x-rays, offices visits and treatments was $262.00. She missed one day of work and was restricted from taking physical education while attending school. The trial judge awarded $2,277.00 for general and special damages.
No contradictory evidence was submitted by the defendants as to the injuries sustained or the treatment received by Mrs. Mitchell or Greta Lee. Although on the high side, we cannot say the trial judge abused “the much discretion” he has in setting the amount of the award. In the absence of such abuse the award by the trial judge may not be changed. Reck v. Stevens, 373 So.2d 498 (La.1979). Accordingly, the judgments of the trial court are amended to eliminate the expert witness fee of $100.00 awarded to Officer Bou-dreaux and as amended affirmed. Costs of appeal to be borne by the defendants, Louisiana Transit Company, Inc., Joseph One-bane, Jr., and their insurer, The Transit Casualty Company.
AMENDED AND AFFIRMED.