GARRISON, Judge.
This is an appeal from a judgment of the district court granting to plaintiff damages in the amount of $3,331.20 for lost wages and pain and suffering, as well as granting to her husband $3,907.81 for medical bills, drugs, automobile repairs and ear rental. From that judgment, which we amend and affirm, plaintiff appeals.
Plaintiff was injured on April 1, 1980 when a city dump truck made a turn into plaintiff’s vehicle. Liability is not at issue and plaintiff appeals, seeking to have the amount awarded increased.
The issue before us is whether the trier of fact abused its “much discretion” in awarding general damages. Louisiana Civil Code Article 1934(3) provides in pertinent part:
“In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury.”
This article was interpreted by the Supreme Court in Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (La.1963). Further elaboration on the methodology of appellate review of awards for general damages was provided in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977), wherein the Supreme Court reemphasized that before a Court of Appeal can disturb an award made by a trial court the record must clearly reveal that the lower court abused its much discretion in making the award. Furthermore, this award can then be disturbed only to the extent of lowering (or raising) it to the highest (or lowest) point which is reasonably within the trial court’s discretion.
Additional guidance to appellate courts was recently enunciated in Reck v. Stevens, 373 So.2d 498 (La.1979):
“Thus, the initial inquiry must always be directed at whether the trier court’s award for the particular injuries and their effects upon this particular injured person is, a clear abuse of the trier of fact’s ‘much discretion,’ La.Civ.C. art. 1934(3) in the award of damages. It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive, Carollo v. Wilson, 353 So.2d 249 (La.1977); Schexnayder v. Carpenter, 346 So.2d 196 (La.1977), or insufficient, Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967). Only after such determination of abuse has been reached, is a resort to prior awards appropriate under Coco for pur *495 poses of then determining what would be an appropriate award for the present ease.
“In the initial determination of excessiveness or insufficiency, an examination of prior awards has a limited function — if indeed the facts and circumstances of the prior awards are closely similar to the present. The prior awards may serve as an aid in this determination only where, on an articulated basis, the present award is shown to be greatly disproportionate to past awards (not selected past awards, but the mass of them) for (truly) ‘similar’ injuries, see Coco at 341 So.2d 334.” (at 501)
With these established principles in mind we proceed to examine the individual facts and circumstances in the instant case.
The trial court awarded the plaintiff, Mrs. Thomas, $3,000.00 for pain and suffering and $331.20 for loss of earnings while awarding $612.50 for loss of use of automobile, $3,295.31 for medical expenses, auto repair and drugs to plaintiffs husband.
The record reflects that the plaintiff suffered an acute cervical muscular ligamen-tous strain, lumbosacral muscular ligamen-tous strain, and a contusion to the right shoulder as a result of an automobile accident with defendant on April 1, 1980. On said date plaintiff saw Dr. Harry Hoerner who prescribed conservative treatment consisting of muscle relaxants, pain medication and heat applications to her neck and back. He later prescribed physical therapy using a transcutaneous nerve stimulator, which device he had her purchase to help alleviate the pain. At trial Dr. Hoerner, who was qualified as an expert in orthopedic medicine, stated that this accident had aggravated a preexisting injury to the same area of her neck, back and scapula. An EMG conduction study was done on May 13, 1980 showing normal nerve conduction with no sign of muscle or nerve root abnormality. On the date of trial Dr. Hoerner’s diagnosis of plaintiff was that she had a cervical muscular ligamentous strain and possibility of a herniated cervical disc.
Under the guidelines of Reck, supra, we cannot say that the trier of fact abused its “much discretion” in awarding to plaintiff $3,000.00 for pain and suffering.
But in the awarding of special damages we do find that the trier of fact abused its “much discretion,” more specifically, plaintiffs proven claim for special damages for lost wages.
The record reflects that Mrs. Thomas was employed by the New Orleans Health Corporation as a licensed practical nurse on the date of the accident at a rate of $4.14 per hour, based on a 40-hour work week. Thereafter, on October 13, 1980, her wages increased to $5.25 per hour.
At trial plaintiffs supervisor testified that plaintiff had been an efficient and timely employee before the accident. After the accident plaintiff missed 143 days of work before she was terminated on January 31, 1981. Further testimony from her supervisor revealed that a dramatic change was seen in her ability to perform the job after the accident. However, the record reflects that plaintiff had some gynecological surgery, not related to the accident, which necessitated her being absent from work from June 2,1980 to August 15, 1980.
Further corroboration was given by the Director of Personnel. Plaintiff testified that her absences from her job, with the exception of the days missed due to the gynecological surgery, were due to the pain she suffered as a result of the accident. She was forced to wear the nerve stimulator to work to try to relieve the pain. Furthermore, the tingling sensation in her right hand, coupled with the pain, interfered with the performance of her job.
Although Dr. Hoerner advised plaintiff that she should be able to return to work around April 14, 1980, she continued to suffer substantial pain. Thereafter, on May 13, 1980, an EMG nerve conduction study was ordered and was found to be normal. As of May 26, 1980 plaintiff complained of headaches, nausea and increasing neck pain for which Dr. Hoerner continued conservative therapy and use of nerve stimulator. He further advised that if said treatment *496 was to no avail, or if her pain increased to a substantial degree, she should either stay home from work or to cut back on things that seemed to aggravate her condition.
Even though the medical evidence is conflicting as to when she was able to return to work without substantial pain, a careful reading of the entire record satisfies us that her injuries caused her to lose wages clearly in excess of those awarded by the trial court.
The Supreme Court stated in Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (La.1971):
“... A claim for loss of earnings need not be proved with mathematical certainty, but only by such proof as reasonably establishes the claim. This may even consist only of the plaintiff’s reasonable testimony if accepted as truthful; of course, the better practice is to introduce corroborating testimony .... ”
Furthermore, this court in Edwards v. Sims, 294 So.2d 611 (La.App. 4th Cir.1974) said that awards of damages for a loss of wages up to the date of trial can be calculated mathematically from proof offered and do not fall within the much discretion rule.
Therefore, we find the specially proved special damages of lost wages in the amount of $662.40 to be supported by the evidence.[1]
Upon examination of the record relative to the special damages allowed plaintiff’s husband for loss of use of the automobile, we find that trier of fact abused its much discretion in assessing that award. As this court stated in Holleman v. Viola, 330 So.2d 627 (La.App. 4th Cir.1976) the period of compensatory loss of use of the automobile is the time required to have the damaged auto repaired when due diligence is used. The jurisprudence allows recovery of damages for loss of use of property caused by the negligence of another. The owner’s burden here is to show only that he, himself, exercised proper diligence in repairs.
The record clearly reveals that plaintiff’s car was immediately towed to Gill’s Body Shop for an estimate on repairs. Within three to five days an estimate was made by the City adjuster, parts were ordered and repairs were begun. Plaintiff continually called the repairman to check on parts as well as calling parts dealers himself to try to expedite the repairs. Mr. Gill, the proprietor of the repair shop, testified that he too used due diligence in repairing said auto.
Plaintiff rented an automobile from Avis Rental Cars from April 3 through June 3, 1980, to use for transportation to work while repairs were being made to the vehicle damaged through defendant’s negligence. The City presented no evidence that the car rental was unusual or that the delay in receiving parts was unwarranted.
In the instant case the evidence establishes that plaintiff did all that could reasonably be expected to complete the repairs as expeditiously as possible. Therefore, plaintiff’s husband will be allowed $3,032.34 as special damages for loss of use of the automobile which represents the Avis bill for a car rental.
The final special damage to be considered is the bill for Dr. Jay Sistrunk, plaintiff’s psychiatrist. We find that the record does not show that the trial court erred in refusing to admit certain evidence for the .purpose of establishing expenses claimed as special damage. The trial judge refused to admit this psychiatrist’s bill because plaintiff failed to prove that the psychiatric expenses were related to the accident at issue.
*497 For the reasons discussed the judgment of the district court is amended as follows and, as amended, is affirmed:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Beauregard Thomas and against defendant, the City of New Orleans, in the following sums:
Medical, auto repairs and drugs as per stipulation $3,295.31
Car rental 3.032.34
TOTAL $6,327.65
with legal interest from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Isado-ra Turner, wife of Beauregard Thomas, and against defendant, the City of New Orleans, in the following sum:
Pain and suffering $3,000.00
Loss of wages 662.40
TOTAL $3,662.40
with legal interest from date of judicial demand, until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each party will bear their own costs herein.
AMENDED AND AFFIRMED.

. The trial judge awarded $331.20 for lost wages. We find this amount in error. Plaintiff missed the following days as a result of the accident: April 2, 3, 8, 14, 15, 16, 17, 18, 24, 26, 28, 29, May 9[ 12, 13, 14, 15, 16, 17 and 18, for a total of 20 days. During this period of time plaintiff was working a 5-day work week of 40 hours per week at the rate of $4.14 per hour. Accordingly, the proper amount of plaintiff’s lost wages is $662.40, or $4.14/hr. X 40/hr. week = $165.60/week X 4 weeks = $662.40.