CARTER, Judge.
This is a tort action arising out of an automobile accident which occurred on No *323 vember 3, 1977 in Houma, Louisiana. Plaintiffs, Ethel Robinson and Peter McClendon, filed suit against Daniel W. Martin (alleged tortfeasor), Allstate Insurance Company (plaintiffs’ uninsured motorist insurer), and South Central Bell Telephone Company. Allstate filed a third-party demand against Martin and South Central Bell. Plaintiffs entered into a compromise agreement with Allstate and dismissed their suit against Allstate only. Issue was not joined as to Martin on either demand, and he appeared only as a witness at trial.
The trial was limited by stipulation of all the parties and by agreement of the court to the issue of South Central Bell’s liability. The trial court rendered judgment in favor of South Central Bell and against plaintiffs on the main demand and in favor of South Central Bell and against Allstate Insurance Company on Allstate’s third party demand. Plaintiffs, Ethel Robinson and Peter McClendon, have appealed. The only issue before this court is the liability of South Central Bell.
East Main Street is a four-lane paved street, running generally east-west in the vicinity of the accident. The accident occurred in the inner lane of the two lanes running west, about thirty feet east of the intersection of East Main Street and Rose-lawn Street. Roselawn intersects East Main on the south (the side of the eastern bound lanes), but does not continue on the northern side of East Main. On the northern side of East Main, directly across from the eastern corner of Roselawn, is a utility pole that has a South Central Bell connection box. Also on that side is a property fence placed just a few feet from the street which runs parallel with the street. There are no shoulders on East Main.
Charles Collins, an employee of South Central Bell, parked the company’s truck in the outer lane of the two lanes running west on East Main Street directly in front of the utility pole and connection box. The truck blocked most of the outer westbound lane. Traffic was able to proceed unobstructed in the inner westbound lane (the lane in which the accident occurred). Both eastbound lanes were clear and unobstructed.
The trial judge found that Collins placed a “men working” sign about two hundred (200') feet east of the parked telephone truck in the outer westbound lane. Additionally, five other warning devices (cones) were placed at intervals between the sign and the truck forming an angle so as to direct traffic gently out of the outer lane into the inner lane by the time the traffic reached the telephone company truck.
Plaintiffs were proceeding west in the inner lane of East Main, but came to a stop about one or two car lengths east of the telephone company truck for reasons unrelated to the presence of the parked truck. Daniel Martin entered East Main Street by left turn from East Street (located about 250' east of Roselawn) and drove in the outer westbound lane of East Main for about ten feet. He then entered the inner westbound lane and, shortly thereafter, ran into the rear of plaintiffs’ car.
There was some variance in Martin’s testimony at trial and in his testimony at an earlier deposition. The trial court found that the preponderance of the evidence showed that Martin made the shift to the inner lane because of the parked telephone company truck and the warning signs located in the outer lane. The court found that he proceeded the remainder of the distance to the site of the accident (about 240 feet) in the inner lane.
The trial court found that Martin’s negligent acts and omissions were the sole, direct, and proximate cause-in-fact of the collision. The court found that Charles Collins, employee of South Central Bell, full-filled his duty to the plaintiffs and to the public by taking reasonable precautions which should have averted the accident. The court further found that had Charles Collins been negligent, that negligence was not a factor causing the accident.
Plaintiffs appealed the judgment saying that the trial court erred in failing to find South Central Bell liable. Plaintiffs base their argument mainly on South Central Bell’s alleged violation of several state and *324 local highway statutes pertaining to vehicles parking and stopping along highways.
Violation of these statutes constitutes civil negligence but is actionable only when it is shown that failure to follow a statute was a legal cause of the accident. Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821 (1970); Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962).
Additionally, plaintiffs must prove that there was a duty imposed upon defendant under the circumstances of the case; that the risk of the particular injury which plaintiffs suffered was within the scope of the protection of that duty; that defendant breached that duty; and that such breach of duty requires a response in damages. Pierre v. Allstate Insurance Company, supra; Dixie Drive It Yourself Sys. v. American Beverage Co., supra; State Farm Mut. Ins. Co. v. South Cent. Bell, 343 So.2d 758 (La.App. 3rd Cir.1977).
Any discussion of the additional elements of this analysis is unnecessary as we agree with the trial judge and find that Charles Collins’s actions, even if they may have violated a statute or ordinance, were not a legal cause or a cause-in-fact of the accident. Cause-in-fact (or legal cause) has been defined as “a substantial factor in bringing about that harm.” Dixie Drive It Yourself Sys. v. American Beverage Co., supra. It is a “necessary antecedent.” Id.
Martin had travelled approximately two hundred forty feet in the inner lane before he hit plaintiffs’ vehicle. There were several cars in front of him. The record does not show why the first car stopped (it probably stopped to turn left onto Roselawn), but the record is clear that this stop was not caused by the presence of the South Central Bell truck in the outer lane. The inner lane was not obstructed in any way. The telephone truck itself was not involved in the accident. The other cars in the inner lane (including plaintiffs’ car) were able to stop; only Martin failed to stop. The accident was caused solely by Martin’s failure to keep a proper lookout of the road and vehicles ahead, his failure to follow at a safe distance, and his failure to stop when the traffic ahead stopped. Martin testified in his deposition as follows:
“I was driving. The car in front of the third car, it was slowing down. When I speeded up, it slowed completely down. I hit my brakes, just slid into it.”
Martin should have begun to slow down when he noticed the traffic ahead of him was slowing down. Instead, he accelerated.
We find that the presence of the telephone truck was not a “legal cause” of the accident. The judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.