ARMSTRONG, Judge.
Plaintiff Paulette Poe individually and on behalf of her minor son Darren Jordan filed suit against New Orleans Public Service Inc. (“NOPSI”) seeking damages for injuries sustained on a NOPSI bus. After a trial on the merits the trial court rendered judgment in favor of the plaintiffs in the amount of $13,079.00.
The defendant appeals. We affirm.
The testimony revealed that in the early morning on March 24, 1984 Darren Jordan, who was 12 at the time, was riding a NOPSI Galvez Street bus en route to his grandmother’s house prior to going to school. His five year old brother accompanied him. Darren dropped the two transfers he was holding to the floor. As Darren bent down to retrieve the transfers the bus hit a bump and Darren hit his head on the seat in front of his seat. As Darren raised his head up a light fixture cover fell from the ceiling of the bus and struck him on the forehead.
Darren testified that the incident was reported to the bus driver, who asked him if he was alright. When Darren replied yes, the bus driver continued with his usual routine. Darren proceeded to his grandmother’s house where he reported the incident to her and told her that his head hurt. Darren’s grandmother, Ms. Jordan, examined Darren and discovered a swelling behind his left ear, she gave Darren some Tylenol, rubbed his head with alcohol, and sent him to school. Later that day Ms. Jordan reported the incident to Darren’s mother Ms. Paulette Poe. Ms. Poe contacted NOPSI the same day to report the incident.
The following day Ms. Jordan accompanied Darren to NOPSI to make a statement concerning the accident.
Both Darren and his mother testified that since he sustained the bump to his head he has suffered from headaches. Immediately following the incident Darren’s headaches were frequent but their occurrence has lessened over time.
Both parties stipulated to doctors’ reports from Drs. Randolph Page and R.C. Llewellyn. Dr. Page’s report dated March 30, 1982, six days after the incident stated his impression as “(1) Sub-concussive head injury (2) headache at the site of impact with local tenderness.” In addition a report dated April 5, 1982 indicates that his impression had not changed as of that time.
Dr. Llewellyn examined Darren and issued reports on at least five separate occasions, the first being May 12, 1982 and the last February 17,1984. All of his examinations confirmed his initial diagnosis of “post-injury concussion with headaches.”
NOPSI claims investigator, Mr. Garland Roussell Jr., testified that he investigated the site of the incident several days later, and there was evidence of recent repairs to the street. Ronald Fogerty, an equipment clerk in the maintenance division at NOPSI, testified that NOPSI had no record of a light fixture falling from the ceiling on that bus line.
On appeal NOPSI contends that the trial court erred in finding that it was negligent, and that the award of damages is excessive.
“[Cjommon carriers are changed with the highest degree of care to their passengers and ... the slightest negligence causing injury to a passenger will result in liability.” Galland v. New Orleans Public Service, Inc. 377 So.2d 84, 85 (La.1979) (citations omitted). “[T]he mere showing of an injury to a fare-paying passenger on a public conveyance and his failure to reach his destination safely imposes upon the carrier the burden of exculpating itself of negligence. Carter v. New Orleans Public Service, Inc., 305 So.2d 481, 483 (La.1975).”
In this instance the only exculpatory evidence NOPSI presented was that it did not have a report of the light fixture falling. In its written reasons for judgment the trial judge indicated that he did not accept NOPSI’s claim that the light fixture had not fallen. The trial judge stated, “I believe it fell, struck plaintiff, and was *1282 snapped back in place by someone who, if he was the driver, denied it to the investigator, for obvious reasons.”
Since the decision regarding what actually happened on the bus is a factual determination made by the trial judge, our review of the record is limited by the “manifest error” standard of review. Canter v. Koehring, 283 So.2d 716 (La,1973). “The reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review_” Id at 724. We find no manifest error in the trial court’s decision.
With regard to the amount of damages, it is axiomatic that “[Bjefore a Court of Appeal can disturb an award made by a trial court ... the record must clearly reveal that the trier of fact abused its discretion in making its award.” Coco v. Winston Industries, Inc., 341 So.2d 332, 335 (La.1977). In this instance there was ample evidence to indicate that Darren suffered a great deal of pain as a result of the bus incident. Thus we find no abuse of discretion on the trial court’s part.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.