BYRNES, Judge.
John Orr and his insurer Lafayette Insurance Company (“Orr”) appeal the decision of the trial court finding Orr negligent and responsible for $3,375 in damages to Lisa Richards. We affirm as amended.
ASSIGNMENTS OF ERROR
Orr presents three assignments of error. Orr contends: (1) the trial court improperly ignored the preponderance of the evidence in determining that Richards’ alleged injury occurred on October 28, 1986, rather than on October 30, 1986; (2) Richards failed to satisfy her burden of proof that a defect existed in the subject premises and that the defect caused her injury; and (3) the trial court awarded an excessive amount to Richards without evidence of serious injury or treatment.
FACTS
Richards was a tenant at 191072 North Rampart Street for five months. She testified that on October 28, 1986, while walking to her bathroom, the living room light fixture fell on her head, neck and back. She sought medical attention a week later from Dr. Dwight L. McKenna. She complained of headaches and back pain for which Dr. McKenna prescribed pain relievers and hot treatment. Richards saw Dr. McKenna seven times over two months ending January 16, 1987, at a cost of $375.
On September 9,1987, Richards filed suit against American Oil and First Marketing Company, and John Orr, alleging $15,000 injuries, including $5,000 medical and $10,-000 pain and suffering. Only one defendant was the owner on the date of the accident; that date was disputed at trial. Richards testified she called the owner, Orr on the date of the accident and a repairman fixed the light. The trial court rendered a judgment in favor of Richards and against Orr in the amount of $3,375.
SCOPE AND COURSE
(1) Orr contends the trial court improperly ignored the preponderance of the evidence in determining that Richards’ alleged injury occurred on October 28, 1986, rather than on October 30, 1986. The Louisiana Supreme Court stated in Aleman v. Lionel F. Favret Co. Inc., 349 So.2d 262, 264 (La.1977):
On appeal, the Court of Appeal must give great weight to the factual conclusions reached by the trial court; and when there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in absence of manifest error. Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973). The reviewing court must give great weight to the conclusions of the trier of fact, and should not disturb reasonable evaluations of credibility and reasonable inferences of fact, even though other evaluations and inferences are as reasonable.
More recently, the Supreme Court has reinforced the weight given the trial court's factual conclusions:
“... but if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. Esco, 549 So.2d 840, 844 (La. 1989).
The trial judge saw the medical testimony of Dr. Dwight McKenna stating the accident occurred on October 30, 1986. He heard the testimony of Mr. and Mrs. Orr stating Richards called on October 30, 1986. Also he heard Richards’ confused testimony that the date of the accident was October 28, 1986. However, the trial judge concluded that October 28, 1986 was the date of the accident. This Court, because of the applicable standard of review, must *307 “... give great weight to the factual conclusions of the trier of fact, in this case the trial judge ...”. Mascaro v. Davis, 420 So.2d 755 (La.App. 4th Cir.1982); Veal v. Church’s Chicken of New Orleans, 459 So.2d 703 (La.App. 4th Cir.1984). Though this court would have weighed the evidence differently, this court cannot say the trial judge was manifestly erroneous. Rosell v. Esco, supra.
(2) Orr contends Richards failed to satisfy her burden of proof that a defect existed in the subject premises, and that the defect caused her injury. In the absence of manifest error, the appellate court should not disturb the factual findings of the trial court. Pisciotta v. Allstate Ins. Co., 385 So.2d 1176 (La.1979), rehearing 385 So.2d 1176 (La.1980); Canter v. Koehring, 283 So.2d 716 (La.1973). This scope also applies to the determination of causation. Anderson v. Welding Testing Laboratory, Inc., 304 So.2d 351 (La.1974). The trial judge heard the testimony of Richards. Richards testified that while alone, the light fixture fell, hit her, and caused her to suffer headaches. But the record reflects Richards’ numerous inconsistencies between her court testimony and previous statements. Her testimony as to who was with her at the time of the accident and when her headaches started conflicted with her previous deposition. Also, the record reflects that Ms. Richards, while on Welfare for six years, was working. However, this issue should be addressed by the Department of Social Services Fraud Unit and if prosecution is warranted, it should be sought by them. From this testimony, the trial court concluded that Richards was indeed hit by the light fixture, which fell by the negligence of Orr, and the fixture caused her damages. Though this court would have assessed the witnesses credibility differently, the appellants have the burden to show the trial court was manifestly erroneous in its finding. Aleman v. Lionel F. Favret Co. Inc., supra.
(3) Orr contends the trial court awarded an excessive amount to Richards without evidence of serious injury or treatment. The standard of review, for quantum of damages awarded is less than the standard of the previous two assignments of error. The quantum of damages awarded is proper absent an abuse of discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). The court must evaluate the particular injuries and their effects upon the particular injured person. Reck v. Stevens, 373 So.2d 498 (La.1978).
Richard sued Orr on September 9, 1987 for $5,000 medical expenses and $10,-000 pain and suffering. However, she terminated her medical treatment on January 16, 1987 for a total cost of $375. Dr. McKenna, in his final report, stated that he released Richards from future visits, and she was in good condition.
The injury occurred from a glass globe falling a few inches from the ceiling. Richards testified she suffered no cuts, no stitches, and no swelling from the incident. Richards testified to having no headaches until she saw Dr. McKenna. Dr. McKenna prescribed a treatment consisting of the pain medication tylenol 3, a fairly mild pain reliever, and heat treatments for her sore neck. She did not stipulate loss of wages, loss of freedom of movement, or interference with normal duties and activities. She did testify that while she did not suffer further soreness of her neck after her heat treatments, she did continue to suffer headaches though no other evidence was offered to that effect. This court, having considered all the evidence offered by Richards, being her testimony and the report of Dr. McKenna, and considering this particular injury, and its effects upon Richards, finds the trial court award of $3,375 to be improper as it is not supported by the evidence, thus an abuse of discretion.
In Thomas v. Kentie, 422 So.2d 493 (La. App. 4th Cir.1982) the plaintiff received an award of $3,000 damages for a treatment consisting of not only pain medication and heat treatment, but also muscle relaxants and continued physical therapy. In Hart v. Allstate Insurance Co., 437 So.2d 823 (La. 1983), a girl who suffered a blow to her mouth which required stitches, a root canal and tooth cap, received $2,500 while her mother who suffered a leg bruise and back *308 sprain received $1,000. In Lee v. Louisiana Transit Co. Inc., 414 So.2d 838 (La.App. 4th Cir.1982) the plaintiff received $2,277 in damages for similar treatment over a more extended time with twelve physician visits, missed day of work, and interference with normal school activities. This case is distinguishable from Poe v. New Orleans Public Service Inc., 488 So.2d 1280 (La.App. 4th Cir.1986). In Poe, a 12 year old boy was riding a bus when it hit a bump causing him to hit his head upon a seat. Then a bus light fixture cover fell and also hit him in the head. The boy suffered swelling and sub-concussive head injury. The boy sought medical attention over two years, and the trial judge awarded him $13,079.00, which this court upheld. However, this is not the case here.
With reference to the above mentioned cases, and other Louisiana jurisprudence, we reduce the damage award to $1,375 for Richard’s medical expenses and pain and suffering. Costs are assessed equally among the parties.
AFFIRMED AS AMENDED.