Dear Mr. Tarver:
This office is in receipt of your request for an opinion of the Attorney General regarding questions presented to you by the Plainview Area Association concerning liability in the event of an accident on the deteriorating Plainview Road. The Association indicates numerous officials have agreed the road is in an unsafe condition and the following questions have arisen:
 1. What is the legal status of a posted load limit on a bridge;
 2. Is a law violated when the bridge is crossed by a vehicle that exceeds the posted limit;
 3. If this is a violation, is this a parish, state or federal law;
 4. If this is a violation, and the bridge fails due to the weight of a school bus and its load resulting in injuries or fatalities, who is legally responsible;
 5. If the driver is held responsible, or shares responsibility, what financial and legal assistance can the driver expect, and who will it come from;
 6. If the driver is not responsible, for violating the load limit, and the bridge fails due to the weight of the bus and its load, but is sued anyhow, what financial and legal assistance will they receive, and who will it come from; and
 7. If serious injury, death or long term disability occurs to anyone due to failure to maintain the Plainview Road, who will bear the burden of both emergency and long term medical cost?
Before attempting to answer your questions we find that R.S.32:41 gives local municipal authorities the power to adopt ordinances regulating roads and highways which include ordinances to restrict traffic on limited access highways or temporarily reduce the permissible weight of vehicles which may be operated thereon, or on other highways when, because of deterioration, the highway will be seriously damaged or destroyed unless the use of vehicles thereon is prohibited or permissible weight reduced. The statute further provides that no ordinance or regulations would be effective until signs giving notice of such local traffic regulations are posted upon or at the entrances to the highways or part thereof affected.
Under R.S. 32:42 local parish authorities with respect to highways other than state maintained highways and with respect to public roads within their territorial limits but outside corporate limits of any municipality therein have power to adopt ordinances regulating matters enumerated in R.S. 32:41.
While R.S. 33:1236 authorizes the police jury to enact ordinances regulating traffic on all public roads outside of incorporated municipalities and within recognized subdivisions other than state constructed and maintained streets and highways, R.S. 48:481 further authorizes adoption of ordinances found necessary relative to roads, bridges, and ditches, and imposing such penalties to enforce them as they think proper.
An ordinance adopted to restrict load limits would have the same legal status as any other properly adopted ordinance, and violation would be of similar consequences as a violation of any other ordinance, the penalty being that set forth in the ordinance.
A violation of a parish ordinance may be simply a violation of the parish but it could at the same time violate state or federal law if there are similar provisions in federal or state law.
We have set forth various statutes, but there is a problem in answering your questions since we do not know what type of road Plainview Road is, and, as can be seen from the statutory law the police jury cannot enact ordinances on public roads within incorporated municipalities or those constructed and maintained by the state. We have been informed there is a controversial document that indicates the road was state constructed and to be maintained by the state, but this is in dispute. This issued should be resolved before any attempt is made to resolve your questions.
In regard to your other questions we find the observation of the court in Robinson v. Estate of Haynes, 509 So.2d 128 (La.App 1987) pertinent. On appeal the State contended that the trial court erred in finding that the cause of the accident was the unsafe or dangerous condition of the bridge, and the court agreed. The court stated as follows:
 There is no fixed rule for determining what is a dangerous defect in a public way; facts and circumstances of each particular case control. The test usually applied, however, requires an answer to the question: Was the public way maintained in a reasonably safe condition for persons exercising ordinary care and prudence?
The court found under the theory of strict liability or negligence, the plaintiff must prove that there was a defect in the bridge.
The courts have further concluded violation of a prohibitive statute does not automatically constitute negligence, and whether a motorist has violated the duty of care imposed upon him by law is a matter to be determined in light of facts and circumstances of each case. Violation of a safety statute is actionable only when it is shown that violation was the proximate cause of the accident. Robinson v. Allstate, 424 So.2d 322
(La.App. 1982); Lee v. La. Transit Co., 414 So.2d 838
(La.App. 1982).
Your questions are based on facts and circumstances that this office is not in a position to evaluate, and as shown above it is a matter that must be determined upon the facts and circumstances of each case with the plaintiff maintaining the burden of proof. There are innumerable variables that must be considered to determine liability.
We regret we cannot be more specific in answering your request.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR