KLEES, Judge.
This is an appeal by Rosella Veal, Plaintiff-Appellant, from a judgment in favor of Church’s Chicken of New Orleans and Fireman’s Fund Insurance Companies, Defendants-Appellees, dismissing Veal’s petition for workmen’s compensation benefits as a result of an accident in which she sustained personal injuries while employed by Church’s Chicken.
ISSUES:
The issues to be decided on appeal are 1) Did the trial court err in dismissing plaintiff’s suit? and 2) Did the plaintiff prove by a preponderance of the evidence that she is entitled to workmen’s compensation benefits as a result of the accident? The answer to both of these questions is no. FACTS:
On April 25, 1981, Rosella Veal was employed as a Cashier at Church’s Fried Chicken. Around 7:00 p.m. on that date, she was closing up her register when her supervisor, “Melvina”, told her to help stock up for the next shift. She put on a rubber glove and went to the refrigerator to get some frozen corn and french fries. When she touched the refrigerator, she was electrically shocked and the shock caused her to fall to the ground. Clifford Stewart, an employee who was mopping the floor at the time, picked Veal up and put her in a chair. Melvina was informed of the accident by Stewart. Melvina asked Appellant if she was hurt or injured. Appellant at first said no, however, later she called her fiance, Linus Tate, and told him to come pick her up and take her to the hospital because her back hurt.
At Touro Infirmary, Appellant was examined by Dr. George Linder. Although Appellant was complaining of pain in her back, he found no bruising, no tenderness, and her neurological examination and straight leg raising test were normal. She was given some medication and told to see Dr. Espenan the next morning.
The Court of Appeals has full and complete jurisdiction to review facts in a civil proceeding. L.S.A. — Const. Art. 5 § 10(B). Appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for a finding in a trial court. There must be further determination that the record establishes that the finding is not clearly wrong or manifestly erroneous. Arceneaux v. Dominque, 365 So.2d 1330 (La.1978).
The trier of fact is the best able to judge the credibility of the witnesses who testified at the trial. The Appellant and her fiance were the only live witnesses at the trial. All of the testimony of the doctors was by deposition. The trier of fact found that Appellant was not injured in such a way as to award workmen’s compensation for the extended period of time that she claimed she was injured. The Appellant testified that she did receive benefits from the time of the accident until the time she was seen by Dr. Llewellyn even though she was not sure of exactly when the benefits were terminated. No other testimony was offered concerning the pay *705 ment or nonpayment of benefits. The trier of fact found that Appellant was not entitled to any more benefits and we agree. When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review this Court should not disturb this factual finding in the absence of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Dominque, supra. We find on a review of the record, there was a reasonable factual basis for the Trial Court’s finding and that there was no manifest error committed by the trier of fact.
Additionally, a comparison of each of the doctor’s findings confirms that there is some contradiction as to what injuries, if any, Appellant still is suffering from as a result of the accident. However, there is no contradiction that the Appellant suffered a muscle ligament strain on April 25, 1981. When testimony is in conflict, reasonable evaluations of credibility and reasonable inferences of fact drawn by the trier of fact should not be disturbed on appeal. Clay v. Bituminous Casualty Corp., 401 So.2d 1257 (La.App. 1st Cir. 1981). The trier of fact heard the testimony at the trial and evaluated the testimony in reaching his conclusion. He believed that the testimony of Doctor Espenan who treated appellant from April 26, 1981 through July 10, 1981 and Dr. Nutik who treated appellant from June 4, 1981 through January 8, 1982 who both concluded that appellant could return to work, was more credible than that of the Appellant and Dr. Llewellyn, who testified that appellant showed lumbar stenosis at L4-L5 and a possible disc injury at L5-S1. We will not disturb his conclusion.
After a review of the record and applying the principles stated, we find that there was no manifest error committed by the Trial Court in dismissing Plaintiff-Appellant’s suit Accordingly for the foregoing reasons, the judgment of the trial court is hereby Affirmed.
AFFIRMED.