RONALD D. COX, Judge Pro Tem.
Riverside Apartments, Inc. has appealed a judgment from Pineville City Court requiring a return of a $125 security deposit and a $150 pet fee posted by their tenants, Mr. and Mrs. Alan Golden. The judgment also ordered defendant to pay $200 in damages and $500 in attorney’s fees for willfully withholding the deposits without justification. We affirm as amended.
Appellant urges five grounds upon which the trial court erred:
*479 1.) Awarding the return of a nonrefundable pet fee when not an issue before the Court;
2.) Finding the retention of part of the security deposit unjustified;
3.) Applying the punitive provisions of LSÁ-R.S. 9:3252 and 9:3253;
4.) Awarding both actual and punitive damages; and
5.) Awarding attorney’s fees to an attorney appearing in proper person.
Plaintiffs leased a one bedroom apartment from defendant at 328 Main Street, Apartment Number 112 in the City of Pine-ville from May 4, 1984 through October 31, 1984. They posted a $125 security deposit, refundable at termination of the lease if the apartment was in the same condition as when they first moved in, aside from normal wear and tear. The lease also specifically provided, “Lessor agrees to deliver the premises broom clean and free of trash at the beginning of this lease and Lessee agrees to return same in like condition at the termination of the lease.” In addition to the security deposit plaintiffs also paid a $150 pet “fee” or “deposit”, to be forfeited upon vacating the apartment if a pet was allowed.
At the end of the lease term the plaintiffs gave notice of their intent to vacate. Mrs. Golden cleaned the apartment thoroughly. Before returning the key she contacted Lois Williams, the apartment manager, for an apartment inspection. Mrs. Williams did not inspect the apartment before the plaintiffs moved out.
By check dated November 6, 1984 defendant returned $67 of the $125 security deposit. Mr. Golden made written demand on November 9, 1984 for the remaining $58. By letter dated November 15, 1984 defendant refused to return the remaining deposit.
RETURN OF PET FEE WHEN NOT AT ISSUE
We first consider whether the return of a nonrefundable pet fee was proper when not made an issue before the trial court. In written reasons the trial judge stated: “No demand is made for the return of the $150 pet fee though it seems to the Court that this was clearly a deposit ... The lessee (sic) calls the $150 a ‘pet fee,’ the addendum calls it a ‘deposit,’ this conflict is to be resolved in lessee’s favor since lessor obviously prepared and furnished the ambiguous documents.”
Plaintiffs never alleged ambiguity in the lease language, nor raised the question of refundability of the pet fee at trial, nor made demand for return of the pet fee. Because the pet fee was never at issue, we feel the trial court erred in ordering its return. Accordingly, we reverse the trial court’s judgment which ordered the defendant to return the $150 nonrefundable pet fee to plaintiffs.
RETAINING SECURITY DEPOSIT
We next consider whether the trial court erred in finding defendant unjustifiably retained $58 of the security deposit. Lessor must on demand either return the damage deposit, or if used to offset lessee’s damage, provide lessee with an itemized statement accounting for the proceeds. LSA-R.S. 9:3251 et. seq.
Defendant withheld $5 from the security deposit to “clean stove hood.” Cleaning the stove hood exceeded the normal cleaning necessary to restore the premises to the same condition as when first moved in, aside from normal wear and tear. The trial judge did not specifically address this $5 charge; however, he seems to give great weight to Mrs. Golden’s testimony. In written reasons for judgment the trial court noted “... the apartment was in better condition at the time that it was vacated than it was when they received the apartment for occupancy, and she described her cleaning of the apartment including washing down the mildewed walls of the closets, cleaning bugs from the cabinets and cobwebs from the corners of the rooms and installation of new shelf paper on the shelves in the apartment.”
*480 Mrs. Williams testified that because of the plaintiffs’ kittens it was necessary to deflea the apartment, wash and wax the tile floor, and shampoo the carpets. Defendant withheld $53 from the security deposit for these pet related items. Defendant had $150 available in the nonrefundable pet fee from which to deduct the total pet charges.
Under these circumstances we do not find the trial court manifestly erred in finding the defendant unjustifiably retained part of the security deposit.
PENALTIES FOR FAILURE TO REFUND DEPOSIT
We now consider whether the trial court erred in applying the penalty provisions of 9:3252 for willful failure to refund a deposit. The purpose of this statute is to provide tenants with a mechanism to recover rent deposits and to prevent arbitrary withholding of deposits. Calix v. Whitson, 306 So.2d 62 (La.App. 4th Cir.1974); Cantelli v. Tonti, 297 So.2d 766 (La.App. 4th Cir.1974). When a landlord cites any specious, arbitrary and capricious, unjustifiable or clearly wrong reasons for withholding a deposit, the statute provides relief. Even if there is a valid dispute over a lease, the lessor must comply with the statutes or suffer the penalties provided. Bradwell v. Carter, 299 So.2d 853 (La.App. 1st Cir. 1974); Moore v. Drexel Homes, Inc., 293 So.2d 500 (La.App. 4th Cir.1974), writ denied, 295 So.2d 812 (La.1974).
We do not find the trial court erred in imposing the statutory penalty.
DAMAGES
The next issue is whether the trial court properly ordered the return of the security deposit in addition to awarding statutory penalties. The defendant owed plaintiff the full security deposit of $125 and unjustifiably refused to return it. Because plaintiffs had no proof of actual damage caused by the defendant’s willful noncompliance, the trial court imposed the statutory amount of $200. The statute provides for an award of actual damages or $200, whichever is greater, in addition to the return of the security deposit. Cantelli v. Tonti, supra. We find no error in the trial court awarding both the return of the security deposit and damages for willful noncompliance with the statute. Lugo v. Vest, 336 So.2d 972 (La.App. 4th Cir.1976).
ATTORNEY’S FEES
The final issue is whether the trial judge erred in awarding attorney’s fees to an attorney appearing in proper person. We are of the opinion that the attorney’s fees of $500 should not have been awarded since plaintiffs have not incurred the out-of-pocket expenses of retaining an attorney as contemplated by LSA-R.S. 9:3253. In fact, we note that the plaintiff, Alan J. Golden, has represented himself and his wife, in proper person, during these proceedings and has, therefore, incurred no attorney’s fees. Makar v. Stewart, 486 So.2d 166 (La.App. 3rd Cir.1986). For this reason we find the trial court erred in allowing attorney’s fees in this case, and we reverse this award.
For the foregoing reasons, the judgment of the trial court is reversed to deny recovery to the plaintiffs of the $150 nonrefundable pet fee and $500 in attorney’s fees. In all other respects the judgment is affirmed. All costs of the proceeding are taxed to the defendant-appellant.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.