506 So.2d 146 (1987)
Harry D. HOSKINS, III
v.
Charles W. ZIEGLER, III.
No. CA-6507.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1987.
Rehearing Denied May 20, 1987.
*147 Carter B. Wright, Ogden, Ogden & McCune, New Orleans, for defendant-appellant.
Harry D. Hoskins, III, New Orleans, for plaintiff-appellant.
Before GULOTTA, BYRNES and LOBRANO, JJ.
BYRNES, Judge.
Plaintiff, Harry Hoskins, III, and defendant, Charles Ziegler, III, both appeal the trial court's judgment awarding Hoskins $10,000 and 25% attorney fees in a suit on an open account. We affirm in part and amend in part.
The present litigation arose when Hoskins, an attorney with experience in real estate syndication, met with Ziegler, a securities broker/dealer, to discuss having Hoskins draft a private offering memorandum giving investors the opportunity to participate in the proposed syndication of a diagnostic center in Jefferson Parish. Hoskins claims that at this meeting he orally agreed to draft the documents for a flat fee of $10,000 if the syndication did not go through and $35,000 if it did. Hoskins subsequently performed the requested legal services. When the syndication failed to sell, he made demand upon Ziegler for his $10,000 fee. In response, Ziegler denied that he had agreed to pay Hoskins this amount and urged that the only fee contemplated by their oral contract was a contingency fee of $35,000 if the syndication sold. Shortly thereafter, Hoskins filed the instant suit to collect what he characterized as an overdue open account.
At trial, Hoskins testified to the terms of the oral contract and, in support of this testimony, offered the memorandum he drafted for Ziegler. Included in this document was a copy of a letter written by *148 Hoskins to the promoter of the proposed syndication in which it was stated:
"In reviewing the opinion set forth above, you should be aware that my compensation is based in part upon the sucess of the offering." (emphasis added).
Additionally, Hoskins presented a legal expert in the field of syndications who testified that it was customary to charge a flat rate or hourly fee for legal work such as Hoskins performed for Ziegler. Moreover, the expert stated that in his estimation, Hoskins' work in preparing the private offering memorandum was worth $25,000. Furthermore, the expert stated that he had never known such work to be performed on a contingency basis.
At the close of trial, the court ruled in favor of Hoskins awarding him $10,000 for legal services provided to Ziegler, granted Hoskins attorney fees in the amount of 25% of the award pursuant to the open account statute (R.S. 9:2781).
On appeal, Ziegler asserts that the trial court erred in finding that Hoskins had proved by a preponderance of the evidence that a contract providing $10,000 in attorney fees existed. On review, this court will not disturb the factual findings of the trial court in absence of manifest error when there was evidence which, upon its reasonable evaluation of credibility, furnished a reasonable factual basis for the findings. Veal v. Church's Chicken of New Orleans, 459 So.2d 703 (La.App. 4th Cir.1984).
In the instant case, Hoskins, testified at trial that the oral agreement with Ziegler provided a miminum legal fee of $10,000 if the syndication did not sell. Hoskins also placed letters into evidence which indicated that his compensation would be based "in part" on the success of the syndication. In addition, the legal expert testified that he had never heard of syndication work being performed on a contingency fee basis. Despite the conflicting testimony of Ziegler, we find that the trial court had ample credible evidence by which to conclude that Hoskins proved he had on oral contract with Ziegler for minimum legal fees of $10,000.
Ziegler also argues that the trial court erred in awarding Hoskins $10,000 when his petition and trial testimony alleged that only $9,454.08 was due. We agree. The record shows that Ziegler paid printing costs totalling $545.92 which Hoskins had previously agreed to pay. At trial, Hoskins acknowledge that this amount was deducted from the $10,000 attorney fee he claimed due from Ziegler. We therefore amend Hoskin's award to correct this error.
By Ziegler's third assignment of error, he asserts that the trial court erred in awarding attorney fees pursuant to the open account statute. We disagree. The trial court found that Hoskins had not been paid for legal services he provided to Ziegler in accordance with an oral agreement. Under R.S. 9:2781, debts incurred for professional services constitute an open account. In the instant case, Hoskins followed the procedural requirements of R.S. 9:2781 and obtained judgment on his claim. In doing so, he became entitled to reasonable attorney fees for the prosecution and collection of this claim. R.S. 9:2781(A).
Hoskins asserts that the trial court's award of 25% attorney fees ($2,500) was unreasonably low considering the actual hours his attorney documented in litigating his claim. We do not agree.
The amount of attorney fees awarded under R.S. 9:2781(A) is left to the discretion of the trial court. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). Among the factors which should be considered in determining the amount of the fee are; the ultimate result obtained, the importance of the litigation, the amount involved, the number of appearances made, the intricacies of the facts and law involved, the diligence and skill of counsel, the court's own knowledge of the case, and the ability of the party liable to pay. Guillory v. Guillory, 339 So.2d 529 (La.App. 4th Cir.1976).
In the present case, Hoskins was required to prove the existence of a delinquent open account under an oral contract. In terms of difficulty and the skill required *149 to successfully prosecute this claim, we do not find the case particularly troublesome or demanding. Moreover, while the hours logged by the attorney in representing Hoskins may have been accurate, the amount of labor performed is but one factor among many in setting reasonable attorney fees under R.S. 9:2781(A).
Our review of the record, which includes the testimony of Hoskins, the proferred evidence of hours spent in pursuing his claim and other evidence of the extent and character of the legal work performed on Hoskins' behalf convinces us that the award of $2,500.00 in attorney fees was reasonable and not an abuse of the trial court's discretion. We note, however, that while the trial judge reached the correct result, he apparently erred in suggesting that the number of attorney's hours expended on the case bore no relationship to the amount of attorney fees awarded and that the caselaw required him to grant a percentage of the claim as attorney fees. This is not the law. See Guillory, supra.
For reasons cited above, we affirm the trial court's award of attorney fees and amend the judgment to reflect an award to Hoskins of $9,454.08 on his main demand.
AFFIRMED IN PART
AMENDED IN PART.