650 So.2d 1201 (1995)
William H. LAMBERT, Plaintiff-Appellant
v.
Ora James BYRON, Defendant-Appellee.
No. 94-854.
Court of Appeal of Louisiana, Third Circuit.
February 8, 1995.
William Hardee Lambert, pro se.
Ora James Byron, pro se.
Before KNOLL, SAUNDERS and AMY, JJ.
AMY, Judge.
Plaintiff, William H. Lambert, an attorney licensed to practice law in Louisiana, appeals the trial court's denial of attorney's fees for *1202 work he performed to represent himself in a suit to collect on promissory notes.

FACTS
Attorney William H. Lambert was retained to represent defendant Ora James Byron in a personal injury suit. In order that Byron might secure living expenses while he was disabled and without income, Lambert endorsed a promissory note that Byron had executed at MidSouth National Bank (hereinafter MidSouth) and signed as guarantor of two additional notes to provide funding to Byron. Each of these notes required Byron to pay reasonable attorney's fees in an amount not to exceed 25% should the note be referred to an attorney for collection.
After Lambert was replaced as Byron's counsel by another attorney, Lambert demanded in writing that Byron and his new attorney assume Lambert's obligation to MidSouth, but the demand was not answered. After Byron failed to pay the notes, MidSouth sought payment from Lambert. Upon Lambert's payment, MidSouth endorsed the promissory notes to him without recourse. Lambert subsequently made demands on Byron for payment on all three promissory notes but was unable to collect. At this point, Lambert filed suit in proper person to collect the entire amount of the notes, including reasonable attorney's fees.
After Byron failed to file an answer in the suit, a default judgment was entered in favor of Lambert, granting him judgment on the principal demand but denying the claim for attorney's fees. Lambert appeals the trial court's denial of his demand for attorney's fees.

Attorney's Fees
Under Louisiana jurisprudence attorney's fees generally are allowed only when authorized by statute or contract. Killebrew v. Abbott Laboratories, 359 So.2d 1275, 1278 (La.1978). Even when such authority exists, however, an attorney has not been allowed attorney's fees for representing himself.
Historically, Louisiana courts have refused to allow an award of attorney's fees when an attorney represents himself. For instance, an attorney brought suit in proper person against a former client and gave her notice to appear at a deposition. When she failed to appear, he sought attorney's fees for the deposition as permitted by the Louisiana Code of Civil Procedure. The Fourth Circuit denied the demand for attorney's fees "because plaintiff cannot recover an attorney's fee for representing himself. When an attorney brings a suit in his own name, he cannot recover counsel's fees." Westenberger v. Bernard, 160 So.2d 312, 314 (La.App. 4th Cir.1964) (citing Ealer v. McAllister & Co., 19 La.Ann. 21 (1867)).
Similarly, in an action for breach of a partnership agreement, this court has held that one who files suit in proper person cannot recover attorney's fees because he has not incurred any out-of-pocket expense. Makar v. Stewart, 486 So.2d 166, 177 (La.App. 3d Cir.1986).
In an action to recover a lessee's deposit, this court has also held that an attorney appearing in proper person cannot recover attorney's fees. Golden v. Riverside Apartments, Inc., 488 So.2d 478 (La.App. 3d Cir. 1986). Golden filed suit in proper person to recover both a deposit posted in conjunction with an apartment lease and statutorily-provided penalties, damages, and attorney's fees for failure to return the deposit. The trial court awarded Golden the deposit, penalties, damages, and attorney's fees. We reversed the award of attorney's fees since Golden had not incurred the "out-of-pocket expenses of retaining an attorney as contemplated" by the statute allowing attorney's fees to be awarded to the prevailing party. Id. at 480.
We note that an attorney who employs another attorney to represent him is not prevented from recovering attorney's fees. McHale v. Lake Charles American Press, 390 So.2d 556 (La.App. 3d Cir.1980), cert. denied, 452 U.S. 941, 101 S.Ct. 3085, 69 L.Ed.2d 955 (1981). This comports with the basic logic of the above cases because an attorney who hires another lawyer has incurred the actual expense necessary to recover attorney's fees. However, we have held that an attorney who is a defendant in an expropriation case and who represents himself, his family, and others may recover attorney's fees. State Dep't of Transp. and *1203 Dev. v. Henry, 468 So.2d 1262, 1268-69 (La. App. 3d Cir.1985). Not to award attorney's fees in such a case would deny a defendant attorney the full compensation the Louisiana Constitution of 1974 guarantees him when the state takes his lands. Id.
Throughout all these cases runs a clear and obvious rationale: recovery of attorney's fees is not available to one who represents himself because he has incurred no out-of-pocket expenses. Attorney's fees are awarded to a successful litigant so that his recovery might not be diminished by the expense of legal representation. To allow an attorney filing suit in proper person to recover attorney's fees when he has not actually incurred their expense gives him a monetary advantage unavailable to anyone hiring counsel.
In the case at hand, all of the promissory notes provide for attorney's fees. The two promissory notes issued by Lambert read in part as follows:
And in the event default is made in the payment of this note at maturity and it is placed in the hands of an attorney for collection, or suit is bought on the same, then an additional amount of 25% per cent [sic] on the principal and interest of this note shall be added to the same as collection fees.
Similarly, the promissory note issued by MidSouth and endorsed to Lambert states:
If Lender refers this Note to an attorney for collection, or files suit against [the Borrower] to collect this Note, or if [the Borrower] file[s] for bankruptcy or other relief from creditors, [the Borrower] agree[s] to pay Lender's reasonable attorneys' fees in an amount not exceeding 25.000% of the unpaid debt then owing under this Note.
Contractually, these notes provide that attorney's fees would be due if their holder referred them to an attorney for collection. For the situation envisioned by the contractual provisions to arise, the notes must be referred to another person: they must be "placed in the hands of an attorney" or "refer[red] ... to an attorney for collection." Lambert did not place the notes in the hands of another attorney or refer them to another one; he sued in proper person. When an attorney appears on behalf of another, he is the agent for the person whom he represents. In the case before us, Lambert seeks to obtain attorney's fees under contractual provisions which allow the notes' holder to recover attorney's fees for work done by the holder's agent. In Ealer v. McAllister & Co., 19 La.Ann. 21 (1867), an attorney who was a creditor brought suit in proper person to recover the sum owed and attorney's fees for collection of the money. The trial court awarded the principal amount but refused to award attorney's fees. The Louisiana Supreme Court upheld the trial court's denial of attorney's fees, holding that one "cannot, in the same proceeding, claim to be the owner and the agent of the owner of the same thing." Id. at 21. Lambert, the holder of the notes, cannot act as the holder's agent; therefore, he cannot recover attorney's fees under these clauses.
Lambert argues that attorney's fees are due him because a lay person would be able to recover the cost of retaining an attorney. In support of this contention, he puts forth a list of expenses: his legal time, talent, expertise, his travel time and expense, use of his office personnel. Absent from the list, however, is payment to another attorney. As the above cases illustrate, one who has not proven that attorney's fees have been actually incurred is not to be awarded them. This rule applies both to attorney and non-attorney claimants. See Makar, 486 So.2d at 177; see also Golden, 488 So.2d at 480. Since Lambert represented himself in proper person, it is impossible for him to have incurred attorney's fees. That the notes alternatively provide for attorney's fees should suit be filed is of no moment. The holder of the note must pay attorney's fees in order for those fees to be awarded him, and Lambert has not shown that he has done so. Rather than placing him on par with those who are not attorneys, awarding Lambert attorney's fees in this instance would give him a pecuniary advantage over a layman. We hold that Lambert cannot recover attorney's fees in this case.

*1204 Conclusion
For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed to Lambert.
AFFIRMED.
SAUNDERS, J., dissents and assigns reasons.
SAUNDERS, Judge, dissenting.
In dissenting, I would first note that the promissory note was originally made to Mid-South National Bank and that Mr. Lambert could as easily have sued and taken a judgment on behalf of Mid-South National Bank in which case there could have been no question as to his entitlement to attorney's fees. Apparently, for the convenience of Mid-South National Bank and/or himself, Mr. Lambert paid the note first and then sued in his own name. Accordingly, by paying the note prior to filing suit, Mr. Lambert has defeated his right to collect attorney fees.
In State, Dept. of Transp. & Develop. v. Henry, 468 So.2d 1262 (La.App. 3d Cir.1985) this court noted that the defendant who represented himself in an expropriation proceeding is entitled to recover attorney's fees and in doing so distinguished that case from prior jurisprudence which had refused to allow a plaintiff to recover attorney fees for representing himself, noting that:
"We think that this rule should not apply to a defendant in an expropriation case. If we held otherwise, the time, effort, and expense which Mr. Henry invested in his defense of himself and the other landowners would be lost. We think that such a result would be clearly counter to the intent of LSA-R.S. 48:453(E) and the Louisiana Constitution of 1974, which requires that an owner `be compensated to the full extent of his loss.' La. Const.1974, Art. I, § 4."
State, Dept. of Transp. & Develop. v. Henry, 468 So.2d at 1268-69.
I agree with the result in the Henry case as it would have been unjust that Mr. Henry would have invested his time, effort and expense without just compensation. However, I see no rationale for allowing attorney's fees to successful defendants but not allowing attorney's fees to successful plaintiffs. The constitutional right to full compensation in expropriation cases is not greater than the constitutional right to contract allowed by both state and federal constitutions and, in the present case, Mr. Lambert had a contract with the defendant which allowed him to collect attorney fees. This right should be honored unless the collection of attorney's fees by an attorney would somehow be improper or unethical so as to be prohibited by the regulatory authority of the courts. However, I see nothing improper or unethical in an attorney representing himself rather than hiring another attorney to represent him.
Accordingly, I would recognize Mr. Lambert's constitutionally guaranteed contractual rights and award the attorney's fees provided for in his contract.