**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 00-30040
_____

GOLD, WEEMS, BRUSER, SUES & RUNDELL,

Plaintiff-Counter Defendant-Appellee

v.

METAL SALES MANUFACTURING CORP.,

Defendant-Counter Claimant-Appellant

FRONTIER INSURANCE COMPANY,

Movant-Appellant

_____

Appeal from the United States District Court
for the Western District of Louisiana
_____
December 19, 2000

Before KING, Chief Judge, WIENER, Circuit Judge, and LYNN[1], District Judge.

LYNN, J:

In March 1994, Metal Sales Manufacturing Corporation ("Metal") hired Gold, Weems, Bruser, Sues & Rundell, P.L.C. ("the Gold firm") to represent it in a suit against Acadian Builders (the "Acadian action"). Metal prevailed in the Acadian action and paid the Gold firm approximately half of the Gold firm's claimed legal fees. Metal disputed its liability for the remainder of the bill.

_____

[1] District Judge of the Northern District of Texas, sitting by designation.

In October 1996, the Gold firm made a formal demand to Metal for payment of the balance in fees owed it, pursuant to LA. REV. STAT. ANN. § 9:2781 (the "Open Account Statute"). After Metal continued to refuse to pay, the Gold firm, representing itself, sued Metal, seeking the remainder of its claimed legal fees (the "open account action"). Metal counterclaimed, alleging malpractice in the Gold firm's defense in the Acadian action. On July 20, 1998, the district court entered summary judgment in favor of the Gold firm, awarding $42,263.73 on the open account plus interest, as well as attorney fees incurred in the open account action, in an amount to be determined at a later date. Upon appeal, this court affirmed.

In August 1998, while the initial appeal was pending, the Gold firm filed in the district court a Suggestion for Attorney Fees, seeking $48,000 in attorney fees for the work of a lawyer employed by the Gold firm, and outside co-counsel. After this court's affirmance, the Gold firm filed a Supplemental Suggestion of Attorney Fees, seeking an additional $32,000 for attorney fees in defending the appeal, and other post-judgment matters. On December 23, 1999, the district court entered a Final Judgment, awarding the Gold firm $80,000, the amount it claimed in attorney fees in the open account claim and the appeal from it. Metal then filed the instant appeal.

In this appeal, Metal first argues that attorney fees cannot be awarded under the Louisiana Open Account Statute to a law firm representing itself and, alternatively, even if fees can be awarded to a firm representing itself, the trial court awarded excessive fees that are unsupported by sufficient documentation and are otherwise improper.[2]

---

[2] In December 1998, Frontier Insurance Company, a bonding company which acts as a surety, issued a supersedeas bond on behalf of Metal in the amount of $66,000, to secure Metal's appeal of the district court's July 1998 judgment in favor of the Gold firm. On November 4, 1999, following this court's affirmance of the district court's July 1998 judgment, Metal deposited $45,415.19 into the registry of the district court to satisfy the liquidated portion of the July 1998

The district court's resolution of whether an attorney representing himself could collect

fees under the open account statute is a conclusion of law we review *de novo*. *See Hayne v.*

*Hardy*, 802 F.2d 826, 828 (5th Cir. 1986) (finding the district court's determination that an unpaid

fee was an "open account" was a legal conclusion to be reviewed *de novo*).[3]

LA. REV. STAT. ANN. § 9:2781 provides, in relevant part:

> When any person fails to pay an open account within fifteen days after receipt of
> written demand therefore correctly setting forth the amount owed, that person
> shall be liable to the claimant for reasonable attorney fees for the prosecution and
> collection of such claim when judgment on the claim is rendered in favor of the
> claimant.

Metal argues that the statutory language of the Louisiana Open Account Statute does not

authorize an award of compensation for a firm representing itself in the prosecution of an open

account claim. While stating that "no court has addressed the question of whether a firm or

lawyer representing itself is entitled to a fee award under the Louisiana Open Account Statute,"

Metal argues that Louisiana courts have historically declined to allow an award of attorney fees

---

judgment, plus applicable interest. The district court then rejected Metal's argument that Frontier
was only obligated to pay $45,415.19, and instead ordered Frontier to pay the entire amount
owed on the $66,000 supersedeas bond. In doing so, it held that "Frontier committed itself to pay
the judgment rendered in favor of Gold, Weems up to $66,000 should Metal Sales lose its appeal
before the Fifth Circuit challenging the attorney fees award issued by this court." On March 9,
2000, Frontier paid the Gold firm all remaining interest claimed under the July 1998 judgment.
On March 20, 2000, in response to a joint motion of the Gold firm and Frontier, the district court
entered an order canceling the $66,000 supersedeas bond.

On appeal, Frontier argues that the district court acted "prematurely in ordering Frontier
to pay a judgment that is not final, and which may be modified or reversed by this Court."
Frontier's argument is mooted by the district court's March 20, 2000 Order canceling the $66,000
bond, and more particularly, by the result here, so its appeal is dismissed as moot.

[3] In *Hayne*, we conducted a *de novo* review of the district court's award of attorney fees
under the Open Account Statute in addressing the issues of whether an "open account" existed
and whether the attorney made written demand on the client identifying the correct amount owed.

under such circumstances. Statutes that allow for the recovery of attorney fees, Metal argues, contemplate an expenditure of funds that must be recovered. Here, Metal contends, the Gold firm did not pay fees when prosecuting its claim, since it represented itself.

The Gold firm asserts that it is incorrect to characterize this situation as one where a lawyer or law firm represents itself, urging instead that as a corporation it hired one of its employee-attorneys to prosecute its open account claim. The Gold firm further emphasizes that in its July 1998 Judgment, the district court awarded the Gold firm attorney fees, in an amount to be determined at a later date, and that only after the Gold firm filed its Motion for Suggestion of Attorney Fees in August 1998, and Supplemental Suggestion of Attorney Fees, more than a year later, did Metal first argue that the Gold firm was not entitled to such fees.[4]

As Metal points out, the issue of whether an attorney can collect attorney fees for representing himself was squarely before the court in *Lambert v. Byron*, 650 So. 2d 1201 (La. Ct. App. 1995). The court in *Lambert* described the facts as follows:

> Attorney William H. Lambert was retained to represent defendant Ora James Byron in a personal injury suit. In order that Byron might secure living expenses while he was disabled and without income, Lambert endorsed a promissory note that Byron had executed at MidSouth National Bank (hereinafter MidSouth) and signed as a guarantor of two additional notes to provide funding to Byron. Each of these notes required Byron to pay reasonable attorney's fees in an amount not to exceed 25% should the note be referred to an attorney for collection.
>
> After Lambert was replaced as Byron's counsel by another attorney, Lambert demanded in writing that Byron and his new attorney assume Lambert's obligation to MidSouth, but the demand was not answered. After Byron failed to pay the notes, MidSouth sought payment from Lambert. Upon Lambert's payment, MidSouth endorsed the promissory

---

[4] The Gold firm argues that since the district court awarded it attorney fees in July 1998 and Metal failed to appeal from that determination, Metal is foreclosed from complaining of the attorney fee award. Metal, on the other hand, contends that until the court awarded the Gold firm specific sums for representing itself, the issue was not ripe. This court assumes, without deciding, that the issue is appropriately raised now.

> notes to him without recourse. Lambert subsequently made demands on Byron for payment on all three promissory notes but was unable to collect. At this point, Lambert filed suit in proper person to collect the entire amount of the notes, including reasonable attorney's fees.
>
> After Byron failed to file an answer in the suit, a default judgment was entered in favor of Lambert, granting him judgment on the principal demand but denying the claim for attorney's fees. Lambert appeals the trial court's denial of his demand for attorney's fees.

*Id.* at 1202. In *Lambert*, the appellate court affirmed the trial court's decision to deny attorney fees. In so doing, the appellate court stated that "recovery of attorney's fees is not available to one who represents himself because he has incurred no out-of-pocket expenses . . . To allow an attorney filing suit in proper person to recover attorney's fees when he has not actually incurred their expense gives him a monetary advantage unavailable to anyone hiring counsel." *Id*. at 1203. Although the court recognized that Lambert may have expended his "time, talent, expertise, [ ] travel time and expense, and use of his office personnel," the court nevertheless stressed that there was no payment to another attorney. *Id.* In reaching its conclusion, the court also turned to the plain language of the promissory notes, which provided that "attorney's fees would be due if their holder referred them to an attorney for collection." *Id.* Noting that the attorney fee provision contemplated a scenario with two entities, the court in *Lambert* stated: "For the situation envisioned by the contractual provisions to arise, the notes must be referred to another person: they must be . . . 'refer[red]' . . . 'to an attorney for collection.'" *Id.*

In fact, however, the Open Account Statute was not at issue in *Lambert*. In contrast to the court's characterization of the promissory notes in *Lambert*, the plain language of the Open Account Statute does not clearly contemplate collection of the claimant's attorney fees only when there are two entities, the claimant and his attorney. Another intermediate appellate court in *Deutsch, Kerrigan & Stiles v. Fagan*, 665 So. 2d 1316 (La. Ct. App. 1995), *writ denied*, 669 So.

2d 418 (La. 1996) sustained the trial court's award, under the Open Account Statute, of attorney fees to a law firm representing itself. *See also Hoskins v. Ziegler*, 506 So. 2d 146 (La. Ct. App.), *writ denied*, 512 So. 2d 460 (La. 1987) (sustaining the trial court's award of attorney fees when an attorney represented himself in the prosecution of an open account claim). While *Deutsch* and *Hoskins* did not directly decide that an attorney representing himself on an open account claim can collect attorney fees, both cases lend strong implicit support to the conclusion that such fees are recoverable under Louisiana's Open Account Statute. The conclusion that such fees are recoverable under the statute is rendered even more compelling when, as here, an incorporated law firm represents itself. The district court correctly distinguished *Lambert* on that basis when it noted that *Lambert* did not involve "a situation where attorneys' fees were sought by an incorporated law firm that hired one of its own employees to bring the action."

In *Kay v. Ehrler*, 499 U.S. 432, 437-38 (1991), a case cited by Metal, the United States Supreme Court held that an individual attorney could not recover attorney fees for representing himself in a § 1988 civil rights suit. In so holding, the Supreme Court noted the distinction between individual and entity claimants:

> Petitioner argues that because Congress intended organizations to receive an attorney's fee even when they represented themselves, an individual attorney should also be permitted to receive an attorney's fee even when he represents himself. However, an organization is not comparable to a pro se litigant because the organization is always represented by counsel, whether in-house or pro bono, and thus, there is always an attorney-client relationship.

*Id*. at 436 n.7. In other words, when an organization is represented by an attorney employed by the organization, the attorney has a status separate from the client. Thus, even if the Louisiana Open Account Statute were construed to require both a lawyer and a client, such a requirement would be met in this case, so that the Gold firm could collect attorney fees under the Open

Account Statute.

Based on its analysis of the holdings in *Deutsch* and *Hoskins*, and the nature of the representation and party status here, this court determines that attorney fees are recoverable by the Gold firm under the Louisiana Open Account Statute for the prosecution of the Gold firm's open account claim.

Metal next contends that, even if the Gold firm could recover under the Open Account Statute, the district court erred in awarding excessive fees not commensurate to the work required to prosecute the open account claim nor to awards of Louisiana courts in other cases under the Open Account Statute.

This court addressed the applicable standards of review for an award of attorney fees in *Riley v. City of Jackson*, *Mississippi,* 99 F.3d 757, 759 (5th Cir. 1996) (citing *Cooper v. Pentecost,* 77 F.3d 829, 831 (5th Cir. 1996), quoting *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)):

> On appeal, this Court reviews the district court's award of attorneys' fees
> authorized by statute for abuse of discretion, and the supporting factual findings
> are reviewed for clear error.

We therefore apply the two standards noted in *Riley* to review the trial court's decision to grant an award of attorney fees and, if that decision did not reflect an abuse of discretion, the amount of such an award .

Applying Louisiana law, the court below considered and applied various factors in considering the Gold firm's request for attorney fees. Among other considerations, the court noted that Metal had repeatedly refused to comply with the Gold firm's demand for payment and that this refusal resulted in lengthy and complex litigation to recover compensation for the Gold

firm's work in the Acadian action. Having reviewed the record, we determine that the trial court's decision to award fees was not an abuse of discretion. We thus review the $80,000 award to determine if the trial court clearly erred in awarding that sum. In determining the amount, the trial court considered various factors mandated by Louisiana case law. *See Times Picayune Publ'g Corp. v. New Orleans Aviation Bd.,* 742 So. 2d 979, 985 (La. Ct. App.), *writ denied*, 751 So. 2d 257 (La. 1999) (finding that, in determining the amount of an attorney fee award, a court should consider the result obtained, the responsibility incurred, the importance of the litigation, the amount involved, the extent and character of the labor performed, the legal knowledge and skill of the attorney, the number of appearances made, the intricacies of the facts and law involved, the diligence and skill of counsel, and the court's own knowledge). The district court's review of the record caused it to determine that the time spent by the Gold firm in prosecuting the open account claim was not duplicative, excessive or arbitrary. Indeed, the district court determined that "[a]ll of the hours Gold, Weems seeks to bill to Metal Sales were reasonably incurred in pursuing the fees owed to it by Metal Sales."

In this appeal, Metal raises many of the same objections to the Gold firm's billing records it raised in the trial court. Specifically, it contends that the Gold firm (1) did not submit adequate documentation to support its fee claim, (2) billed Metal for time spent defending the malpractice claim and a third-party demand that it filed against another law firm, (3) spent excessive and unreasonable amounts of time on relatively simple legal tasks, (4) submitted duplicative time entries, (5) overstaffed the case, (6) employed dubious billing practices by utilizing a minimum billing increment of .3 hours, and (7) charged excessive rates. Our review of the record causes us to conclude that Metal has not provided adequate support for its allegations, and that the district

court did not clearly err in determining that fees of $80,000 for the Gold firm were reasonable in light of the work necessarily performed to prosecute the Gold firm's open account claim.

Finally, the Gold firm argues that under § 9:2781, it is entitled to recover fees for legal services rendered in conjunction with this appeal. Accordingly, it has filed a Motion for Award of Attorney Fees, supported by an affidavit and an itemization of the costs incurred in litigating this appeal. Metal has opposed the Gold firm's affidavit, reiterating its position that the Gold firm cannot collect attorney fees for representing itself, and asserting that appellate fees cannot constitute fees for the "prosecution and collection" of an open account under the statute.

As the Gold firm notes, Louisiana courts have granted attorney fees for legal costs associated with the appeal of an open account claim determination. For example, in *Metropolitan Reporters, Inc. v. Avery*, 665 So. 2d 547, 548 (La. Ct. App. 1995), the trial court entered judgment for the plaintiff in an open account case for $1,553.05, plus attorney fees of $1080. Defendant appealed, but the appellate court in *Metropolitan* affirmed, granting to plaintiff an additional $500 in attorney fees for the costs of the appeal. *Id*. at 551. Thus, after the appeal, the plaintiff in *Metropolitan* had recovered its original account claim, attorney fees for prosecuting that claim, and attorney fees for defending against the appeal of the trial court's award. *See also Franklin Printing Co., Inc. v. Scott Fence of New Orleans, Inc.*, 392 So. 2d 170, 173 (La. Ct. App. 1980), *writ denied*, 397 So. 2d 805 (1981) (finding appropriate an additional attorney fee award of $750 for appeal); *Broussard v. Guilbeaux*, 640 So. 2d 509, 513 (La. Ct. App. 1994) (awarding an additional $850 in attorney fees for the appeal); *Ballard's Inc. v. North American Land Dev. Corp.*, 677 So. 2d 648, 653 (La. Ct. App. 1996) (awarding an additional $1,000 in attorney fees for the appeal).

-9-

Here, the district court first entered a judgment for the amount claimed on the open account by the Gold firm, and attorney fees to be determined at a later date. By the time the later date came, Metal had appealed the district court's judgment on the open account claim, and this court had affirmed. The district court's December 1999 Judgment awarded attorney fees for the prosecution of the open account claim and for the initial appeal to this court. Because the Gold firm is still trying to collect its judgment for attorney fees for the prosecution and appeal of the open account claim, this court determines that the fees associated with this appeal should also be considered "attorney fees for the prosecution and collection" of an open account claim under the Louisiana Open Account Statute, and thus should be awarded. This court has considered the evidence regarding attorney fees for this appeal and concludes that the Gold firm has incurred $22,298.50 for reasonable and necessary attorney fees on this appeal and it thus awards that amount, and $995.23 for taxable costs associated with the instant appeal, for a total additional award in favor of the Gold firm of $23,293.73.

The trial court's December 1999 Judgment is AFFIRMED, the Gold firm's Motion for Attorney Fees is GRANTED, and Frontier's appeal is DISMISSED as moot.