United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 25, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

---

**No. 04-10728**

---

**FIROOZEH H. BUTLER,**

Plaintiff,

**GARY WILLIAMS PARENTI FINNEY LEWIS McMANUS WATSON & SPERANDO, P.L.,**

Appellant,

versus

**MBNA TECHNOLOGY INC., formerly known as MBNA Hallmark Information Services, Inc.,**

Defendant-Appellee.

---

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(3:02-CV-1715)**

---

Before KING, Chief Judge, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, P.L. (the Gary Firm) challenges the $265,205.07 award to MBNA Technology, Inc., for attorney's fees.

The Gary Firm filed this action for Firoozeh Butler, a woman of Iranian descent, against MBNA, presenting nine claims for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

employment discrimination under federal and Texas law.  MBNA was awarded summary judgment on all but two claims - hostile work environment and retaliation, under Title VII and 42 U.S.C. § 1981.

During a jury trial, the § 1981 claims were dismissed for failure to state a claim, and MBNA was granted judgment as a matter of law on the hostile work environment and retaliation claims premised on poor performance evaluations.  Accordingly, only the retaliation claim based on Butler's reclassification was submitted to the jury; it found for MBNA.

Our court upheld the judgment as a matter of law and held the jury verdict was supported by substantial evidence; therefore, the judgment was affirmed.  *Butler v. MBNA Tech., Inc.*, 2004 WL 2244203, at *5 (5th Cir. 24 Sept. 2004) (unpublished), *cert. denied*, 125 S. Ct. 1737 (2005).

MBNA moved in district court for costs and, except for the one claim submitted to the jury, sought attorney's fees incurred from the end of discovery through trial ($268,860.15).  (The Gary Firm does not contest the costs award.)  The district court found the attorney's hourly rates reasonable; denied the fee request for defending against Butler's hostile work environment claim; and instructed MBNA to reduce its fee request in the light of that disallowed claim.

MBNA submitted a supplemental request for $236,218.65 (the previous request, less the calculated amount for the disallowed

2

claim) and $28,986.42 (additional fees incurred for its costs and fees motion). MBNA's supplemental request was supported by time records showing the reductions for the disallowed claim and by affidavits of the billing attorneys. The Gary Firm filed objections, claiming, *inter alia*: MBNA's fee request was not supported by adequate documentation; and the rates applied to hours billed were not reasonable.

After reviewing the supplemental request and supporting material, as well as the Gary Firm's objections, the district court overruled the objections and awarded fees of $265,205.07 (the reduced amount of $236,218.65 and the $28,986.42 for the costs and fees motion). The district court found: MBNA had reasonably expended 713.2 hours on claims for which fees were allowed; and the applied hourly rates, between $261 to $355, were reasonable, as previously found.

We review the district court's award of attorney's fees for abuse of discretion; its factual findings, for clear error. *See* ***Gold, Weems, Bruser, Sues & Rundell v. Metal Sales Mfg. Corp.***, 236 F.3d 214, 219 (5th Cir. 2000); ***Watkins v. Fordice***, 7 F.3d 453, 457 (5th Cir. 1993). Based on our review of the record, and essentially for the reasons stated in the district court's 1 March and 10 May 2004 Memorandum Opinions and Orders, we conclude that the district court neither abused its discretion nor clearly erred in its attorney's-fees award to MBNA.

*AFFIRMED*

4