# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**
October 10, 2012

No. 12-20135
Summary Calendar

Lyle W. Cayce
Clerk

In the Matter of: 2646 SOUTH LOOP WEST LIMITED PARTNERSHIP; 201-209 EAST MULBERRY, L.L.C.; YB & SJ ENTERPRISES, INCORPORATED; MIDLAND WESTERN BUILDING, L.L.C.,

Debtors

------------------------------

YIGAL BOSCH,

Appellant

v.

FROST NATIONAL BANK; YB & SJ ENTERPRISES, INCORPORATED; MIDLAND WESTERN BUILDING, L.L.C.; SHEINESS, SCOTT, GROSSMAN & COHN, L.L.P.; BEIRNE, MAYNARD & PARSONS, L.L.P.; H. MILES COHN, Esq.; TRENT L. ROSENTHAL, as the Former Chapter 11 Trustee of 2646 South Loop West Limited Partnership; TRENT L. ROSENTHAL, P.L.L.C., as the Former Chief Restructuring Manager of 201-209 East Mulberry, L.L.C.,

Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-cv-02587

No. 12-20135

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this case, Appellant Yigal Bosch appeals the district court's dismissal of his appeal of multiple orders issued by the U.S. Bankruptcy Court for the Southern District of Texas. Bosch also appeals the district court's denial of a motion for reconsideration. Because we find that the district court was correct in dismissing Bosch's appeal of the bankruptcy court's orders and denying reconsideration, either because the district court lacked appellate jurisdiction or because it did not abuse its discretion, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Bosch's appeal arises from the bankruptcy proceedings of a limited partnership, 2646 South Loop West Limited Partnership ("2646"), and three wholly-owned subsidiaries of 2646. Bosch was the principal partner of 2646. After the four entities filed individually for bankruptcy, the bankruptcy court consolidated the cases on October 14, 2009. Over the next two years, the bankruptcy court confirmed plans for reorganization of 2646 and two of the subsidiaries, and dismissed the bankruptcy case of the third subsidiary. On July 8, 2011, Bosch filed a notice of appeal to the district court appealing five of the bankruptcy court's orders: a March 12, 2010 order modifying stay and providing for adequate protection payments ("Order Modifying Stay"); a May 23, 2011 order confirming the joint reorganization of two of 2646's subsidiaries ("Confirmation Order"); and three orders, issued on June 27, 2011, approving the compensation and reimbursement of expenses incurred by Sheiness, Scott, Grossman & Cohn, L.L.P., a law firm which served as general counsel for the three subsidiaries ("Fee Orders"). In addition, in his August 22, 2011

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20135

Appellant's Brief, Bosch challenged other orders of the bankruptcy court that were not raised in his notice of appeal, including the court's appointment of a trustee on July 22, 2009 and a January 11, 2011 order approving an unsecured claim by a former tenant against 2646 ("Appellant's Brief Orders"). The district court dismissed Bosch's appeal on November 28, 2011 and denied his motion for reconsideration on January 27, 2012. This timely appeal followed.

## STANDARD OF REVIEW

This Court has jurisdiction to hear appeals of "'all final decisions of the district courts,' including final judgments in bankruptcy appeals." *Spencer Ad Hoc Equity v. Idearc, Inc. (In re Idearc, Inc.)*, 662 F.3d 315, 318 (5th Cir. 2011) (quoting 28 U.S.C. § 129). We review actions of the district court in its appellate role for an abuse of discretion, *Zer-Ilan v. Frankford (In re CPDC Inc.)*, 221 F.3d 693, 698 (5th Cir. 2000), but questions of law, including jurisdictional questions, are reviewed de novo. *Estate of Smith v. Comm'r*, 429 F.3d 533, 537 (5th Cir. 2005).

## ANALYSIS

I.    Order Modifying Stay, Confirmation Order, and Appellant's Brief Orders

Pursuant to Rule 8002(a) of the Federal Rules of Bankruptcy Procedure, a notice of appeal from the bankruptcy court to the district court "shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). A district court lacks appellate jurisdiction when a notice of appeal is not timely filed. *Arbuckle v. First Nat'l Bank of Oxford (In re Arbuckle)*, 988 F.2d 29, 32 (5th Cir. 1993); *Robinson v. Robinson (In re Robinson)*, 640 F.2d 737, 738 (5th Cir. 1981).

Bosch did not file his notice of appeal until July 8, 2011, which was untimely with respect to the bankruptcy court's March 12, 2010 Order Modifying

No. 12-20135

Stay and its May 23, 2011 Confirmation Order.[1] Similarly, the additional orders challenged by Bosch in his August 22, 2011 Appellant's Brief were issued more than fourteen days before Bosch filed his July 8, 2011 notice of appeal, with the latest of those orders issued on January 11, 2011. Accordingly, because it lacked jurisdiction, the district court properly dismissed Bosch's appeal from the bankruptcy court with respect to these orders.

II.    Fee Orders

Because the bankruptcy court's Fee Orders were issued on June 27, 2011, Bosch's appeal of these orders complied with Rule 8002(a) and thus fell within the appellate jurisdiction of the district court. Nonetheless, the district court had discretion to dismiss Bosch's appeal of the Fee Orders under Bankruptcy Rule 8006. Rule 8006 provides that "[w]ithin 14 days after filing the notice of appeal . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal." Fed. R. Bankr. P. 8006. Although a district court should not "invariably dismiss" an appeal for failure to comply with Rule 8006, *In re CPDC*, 221 F.3d at 698–699, it is generally within the court's discretion to do so. *See* Fed. R. Bankr. P. 8001(a) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal."); *see also M.A. Baheth & Co. v. Schott (In re M.A. Baheth Constr. Co.)*, 118 F.3d 1082, 1083–1084 (5th Cir. 1997)

---

[1] Bosch's claim that these orders were not final and could not be appealed until the conclusion of the bankruptcy proceeding is unavailing. This circuit has long held that a bankruptcy case "need not be appealed as a single judicial unit at the end of the entire bankruptcy proceeding." *IRS v. Orr (In re Orr)*, 180 F.3d 656, 659 (5th Cir. 1999) (quotation marks omitted). Instead, an order need only "constitute a final determination of the rights of the parties to secure the relief they seek in [the] suit, or the order must dispose of a discrete dispute within the larger bankruptcy case for the order to be considered final." *Id.* (quotation marks omitted).

(dismissing appeal for breach of Rule 8006). Bosch's designation, which was filed on July 26, 2011, did not comply with Rule 8006 because it was not filed within fourteen days of the filing of the notice of appeal. Accordingly, it was within the district court's discretion to dismiss Bosch's appeal.

Furthermore, in addition to failing to meet Rule 8006's fourteen-day requirement, Bosch has run afoul of Rule 8006 because of his failure to prepare a proper record with respect to the Fee Orders. Specifically, Rule 8006 provides that "[t]he record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court." Fed. R. Bankr. P. 8006. Rule 8006 also states that "[i]f the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost." *Id.* It is thus the responsibility of the appellant to ensure that the record on appeal includes relevant transcripts of the bankruptcy court's proceedings. *See Pyramid Mobile Homes, Inc. v. Speake*, 531 F.2d 743, 745–46 (5th Cir. 1976) (affirming dismissal of appeal for failure to obtain transcript and noting that "[t]he responsibility for providing an adequate record and insuring its timely transmittal rests squarely with appellant"). Bosch requested that the bankruptcy court clerk prepare a transcript of the June 27, 2011 hearing at which the bankruptcy court considered the fees at issue, but no such transcript appears in the record. By failing to secure a transcript of the Fee Orders hearing, Bosch has not met his responsibility to prepare a proper record, and insofar as we do not have a record of the hearing, Bosch has also failed to produce a record that would enable us to assess the merits of the Fee Orders.

No. 12-20135

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of Bosch's appeal and its denial of reconsideration.