# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2021

Lyle W. Cayce
Clerk

No. 21-20078
Summary Calendar

In the Matter of: EXCO Services, Incorporated,

*Debtor*,

Nkrumah Al-Omar; Eunice Hall,

*Plaintiffs—Appellants*,

*versus*

EXCO Services, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-3677

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20078

Appellants Nkruman Al-Omar and Eunice Hall appeal *pro se* a district court decision affirming the bankruptcy court's adjudication of their claims for unpaid royalties from oil and gas leases against Appellees EXCO Services, Inc. and its debtor affiliates (collectively, "EXCO"). We affirm.

**I.**

Appellants possess royalty interests in two Louisiana oil and gas leases with EXCO, an oil and gas company operating in Texas and Louisiana. When EXCO voluntarily filed for chapter 11 bankruptcy, Appellants filed three proofs of claim: two for $42,230 each based on an alleged "lease extension and breach of lease due to untimely payments" and one for an "undetermined" amount based on "Royalty" payments. EXCO objected, contending it had paid Appellants all amounts owed under the leases.

Appellants attempted to proceed represented by Al Omar's son, Leroy Johns, who is not a licensed attorney. Johns appeared on Appellants' behalf at a June 2019 hearing and a November 2019 conference before EXCO objected to his representation. The bankruptcy court sustained the objection and advised Appellants to represent themselves or hire counsel. Appellants proceeded *pro se*.

After an evidentiary hearing in December 2019, the bankruptcy court orally ruled that there were no improper deductions to the royalties and that, despite some late payments, all amounts owed under the leases had been paid. On July 23, 2020, the bankruptcy court entered a written order, memorializing its oral ruling and holding that (1) EXCO had made all royalty payments to which Appellants were entitled under the leases, (2) special damages for late payments were not warranted, and (3) Appellants were entitled to interest on late royalty payments and attorney fees—here, the costs associated with representing themselves. On August 13, 2020,

No. 21-20078

Appellants appealed this order, which the district court dismissed as untimely. *See* FED. R. BANKR. P. 8002(a)(1).

As directed by the bankruptcy court, EXCO and Appellants filed proposed orders calculating the interest and fees. For each of the first two proofs of claim, EXCO proposed an award of $914.49 in interest, calculated using the applicable rate under Louisiana law, and $10,000 in costs associated with Appellants' *pro se* representation. EXCO's proposed order disallowed the third proof of claim as duplicative. In response, Appellants requested (1) $5,088.58 per Appellant in costs associated with representing themselves, supported by expense receipts, (2) $70,500 in fees for Johns, supported by a one-page invoice representing 1,410 hours spent over three years "[c]onsulting and processing . . . claim[s]," and (3) $28,500 for interest on each claim, without explanation.

In October 2020, the bankruptcy court ordered payment of $914.49 in interest and $5,088.58 in costs associated with Appellants' *pro se* representation for each of the first two proofs of claim. The court disallowed the third proof of claim as duplicative. The order noted that Johns could not charge for providing legal representation because he is not a licensed attorney.

Appellants timely appealed the October 2020 order to the district court. They challenged merits rulings from the July 2020 order and the bankruptcy court's failure to award fees for Johns's services. After oral argument, the district court orally affirmed the bankruptcy court, finding Appellants' arguments untimely or without merit. Appellants timely appealed.

## II.

We review the bankruptcy court's conclusions of law *de novo* and findings of fact for clear error. *Stanley v. U.S. Bank Nat'l Assoc. (In re*

*TransTexas Gas Corp.)*, 597 F.3d 298, 304 (5th Cir. 2010) (citations omitted). We review an award of attorney fees for abuse of discretion, but legal conclusions that guided the bankruptcy court's fee determination are reviewed *de novo. Gibbs & Bruns LLP v. Coho Energy Inc. (In re Coho Energy Inc.)*, 395 F.3d 198, 204 (5th Cir. 2004) (citations omitted).

## III.

Appellants argue that the bankruptcy court (1) erred in finding that EXCO did not owe them additional royalty payments; (2) erred in classifying their claims as general, unsecured claims, instead of cure claims, under the bankruptcy plan; (3) abused its discretion by declining to hear evidence regarding separate financial hedging transactions at the December 2019 evidentiary hearing; and (4) abused its discretion by not awarding Appellants additional costs and fees for Johns's services.

## A.

Rule 8002 provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). This 14-day requirement is jurisdictional. *Smith v. Gartley (In re Berman-Smith)*, 737 F.3d 997, 1003 (5th Cir. 2013). "When the district court lacks jurisdiction over an appeal from a bankruptcy court, this Court lacks jurisdiction as well." *Id.* at 1000 (quoting *Stangel v. United States (In re Stangel)*, 219 F.3d 498, 500 (5th Cir. 2000)).

We lack jurisdiction to consider Appellants' first three arguments because they are untimely. These matters relate to the bankruptcy court's July 2020 order. That order fully resolved Appellants' claims to additional royalty amounts under their leases and left open only the amount of unpaid interest owed for late royalty payments and any award of fees and costs. The July 2020 order therefore was a final, appealable order as to Appellants'

claims. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199–200 (1988) (holding "an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final"); *Goodman v. Lee*, 988 F.2d 619, 626 (5th Cir. 1993) (noting an order is final if it leaves nothing but "ministerial" or "mechanical" calculation of amounts to be paid); *see also In re Yazoo Pipeline Co., L.P.*, 746 F.3d 211, 214 (5th Cir. 2014) (noting "[d]iscrete legal issues within a bankruptcy case may be appealed separately" if the bankruptcy court "has made a final judgment as to the discrete legal issue being appealed" (citing *In re Orr*, 180 F.3d 656, 659 (5th Cir. 1999))). Accordingly, Appellants' notice of appeal in this case, filed October 26, 2020, is untimely as to matters resolved by the bankruptcy court's July 2020 order.

The only judgment or order of the bankruptcy court entered fourteen days before Appellants' notice of appeal concerned the award of interest and attorney fees. We thus consider only Appellants' fourth argument. *See Dorsey v. U.S. Dep't of Educ. (In re Dorsey)*, 870 F.3d 359, 362, 364 (5th Cir. 2017) (considering only timely claims that fell within appellate jurisdiction of district court); *In re 2646 S. Loop W. Ltd. P'ship*, 494 F. App'x 463, 465–66 (5th Cir. 2012) (same).

**B.**

The bankruptcy court awarded Appellants interest and attorney fees, pursuant to Louisiana Mineral Code article 31:139. The statute authorizes an award of interest on late royalty payments and "a reasonable attorney's fee." La. Rev. Stat. Ann. § 31:139. Under Louisiana law, "one who has not proven that attorney's fees have been actually incurred is not to be awarded them." *Lambert v. Byron*, 94-854 (La. App. 3d Cir. 2/8/95); 650 So.2d 1201, 1203.

No. 21-20078

Appellants have not shown that they incurred attorney fees because Johns is not a licensed attorney. Any fees incurred for his consulting and claim-processing services fall beyond section 31:139. *See Cracco v. Barras*, 520 So.2d 371, 372 (La. 1988) ("Attorney's fee statutes must be construed strictly because the award of attorney fees is exceptional and penal in nature." (citing *Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc.*, 449 So.2d 1014 (La. 1984))). The bankruptcy court thus did not abuse its discretion or otherwise err in not awarding Appellants fees for Johns's services.[1]

AFFIRMED.

---

[1] The bankruptcy court generously permitted Appellants to recover the costs associated with representing themselves, which runs afoul of well-established Louisiana law. *See Bradford v. Webster Parish Police Jury*, 48,981 (La. App. 2d Cir. 5/14/2014); 139 So.3d 39, 43 ("Under Louisiana jurisprudence, recovery of attorney fees is not available to one who represents himself because he has incurred no out-of-pocket legal expenses." (citing *Guidry v. Cytec Indus.*, 00–197 (La. App. 3d Cir. 10/11/00); 772 So.2d 194, 199–200)); *Lamz v. Wells*, 05–1497 (La. App. 1st Cir. 6/9/06); 938 So.2d 792, 798 (same); *Lambert*, 650 So.2d at 1203 (same). EXCO never challenged that award, however, so we do not disturb it here.