**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 17, 2011

No. 10-10858

Lyle W. Cayce
Clerk

In the Matter of:  IDEARC, INCORPORATED,

Debtor.

-----------------------------------------------------------------------

SPENCER AD HOC EQUITY COMMITTEE,

Appellant,

versus

IDEARC, INCORPORATED,

Appellee.

Appeal from the United States District Court
for the Northern District of Texas

Before SMITH, SOUTHWICK and GRAVES, Circuit Judges.

PER CURIAM:

Plaintiff and appellant The Spencer ad hoc Equity Committee ("Spencer

No. 10-10858

Committee")[1] appeals two orders of the district court:  (1) the denial of the Spencer Committee's appeal of the bankruptcy court's confirmation order of the reorganization plan ("Plan") by debtor and appellee Idearc, Inc. ("Idearc") on the grounds of equitable mootness and (2) the denial of the Spencer Committee's motion for a trial *de novo* of its fraud claims.  In light of the particular circumstances, this case is controlled by equitable mootness.  We AFFIRM.

## Facts and Procedural History

On March 31, 2009, Idearc filed voluntary petitions before the bankruptcy court for relief pursuant to Chapter 11 of the United States Bankruptcy Code.  The debtors before the court are Idearc and its affiliates (collectively "Idearc" or "Reorganized Debtors"[2]).  The bankruptcy court managed the cases jointly for procedural purposes under case number 09-31828(BJH).  *See* Bankruptcy Rule 1015(b).  Idearc filed a proposed disclosure statement and proposed Plan and moved for approval on the Plan.  Within two months into the bankruptcy proceeding in May 2009, the Spencer Committee first appeared as a creditor before the bankruptcy court.  Through November 2009, multiple motions were filed, hearings held, and rulings entered by the bankruptcy court.  The bankruptcy court set a confirmation hearing for December 9, 2009 on the Plan.

On December 8, 2009 (the day before the confirmation hearing on the Plan), the Spencer Committee filed objections to the confirmation hearing set for the very next day, alleging fraud in a prior spinoff of debtors from Verizon Communications, Inc. ("Verizon").  The Spencer Committee attempted to assert claims against Verizon and JPMorgan Chase & Co. ("J.P. Morgan")[3] and their

---

[1] The Spencer Committee represents the independent interest of 27 persons.

[2] After Chapter 11 reorganization, Idearc became known as SuperMedia, LLC.

[3] Neither Verizon nor J.P. Morgan is a party before this court.

No. 10-10858

respective affiliates, and sought a jury trial on the issues raised. Beginning on December 9, 2009, the bankruptcy court, as previously scheduled, heard two days worth of arguments regarding the confirmation of the Plan. On December 21, 2009, the bankruptcy court held a subsequent confirmation hearing on the Plan. On December 22, 2009, the bankruptcy court issued its order confirming the Plan ("Confirmation Order"), and the Spencer Committee filed its notice of appeal of the Confirmation Order to the district court.

On August 18, 2010, the district court granted Idearc's motion to dismiss the Spencer Committee's appeal of the Confirmation Order on the grounds of equitable mootness, and denied the Spencer Committee's motion for a trial *de novo* of its fraud claims. We hold that the district court did not err in granting Idearc's motion to dismiss the Spencer Committee's appeal of the Confirmation Order on the grounds of equitable mootness.[4]

## Standard of Review

This court has jurisdiction to hear appeals of "all final decisions of the district courts", including final judgments in bankruptcy appeals. 28 U.S.C. § 1291; *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992). Fact findings of the district court and the bankruptcy court are reviewed under a clearly erroneous standard and issues of law are reviewed *de novo. United States ex rel.*

---

[4] The Spencer Committee argues that if it were to file a claim against the debtor in

bankruptcy when it views the bankruptcy as fraudulent, then it loses its rights to a jury trial under *Langenkamp* and its progeny, and that if instead the Spencer Committee were to collaterally proceed against Idearc, that it would be prohibited by the *Travelers* line of cases. *Cf. Travelers Indemnity Co. v. Bailey*, 129 S.Ct. 2195, 2203 (2009) (upholding the bankruptcy court's injunction of certain civil actions against the insurers or the debtor), *with Langenkamp v. Culp*, 498 U.S. 42 (1990) (concluding that claimants against the debtor submitted to the equitable jurisdiction of the bankruptcy court and were therefore not entitled to a jury trial on a bankruptcy trustee's preference claim). As we resolve this appeal on grounds of equitable mootness, we express no opinion and do not address whether the district court properly denied the Spencer Committee's motion for a trial *de novo* of its fraud claims.

3

No. 10-10858

*FCC v. GWI PCS 1, Inc. (In re GWI PCS 1, Inc.)*, 230 F.3d 788, 799-800 (5th Cir. 2000) (citing *Nationwide Mut. Ins. Co. v. Berryman Prods. (In re Berryman Prods.)*, 159 F.3d 941, 943 (5th Cir. 1998)). "A party who fails to object to a bankruptcy court's assumption of core jurisdiction consents to that court's entry of final judgment." *McFarland v. Leyh (In re Tex. Gen. Petroleum Corp.)*, 52 F.3d 1330, 1337 (5th Cir. 1995). This court interprets the terms of a bankruptcy reorganization plan and confirmation order *de novo* and holistically. *See New Nat'l Gypsum Co. v. Nat'l Co. Settlement Trust*, 219 F.3d 478, 484 (5th Cir. 2000). Finally, "[i]f an appellate court is unable to grant any remedy for [a party], its opinion would be merely advisory and it must dismiss the appeal as moot." *See Alberta Energy Partners v. Blast Energy Servs. (In re Blast Energy Servs., Inc.),* 593 F.3d 418, 423 (5th Cir. 2010).

## Analysis

### I. Equitable Mootness

The issue is whether the district court properly applied the doctrine of equitable mootness to dismiss the Spencer Committee's appeal of the bankruptcy court's Confirmation Order of the Plan. As a general rule, the equitable mootness inquiry centers upon the concern that the courts only decide live cases or controversies. *See Manges v. Seattle-First Nat'l Bank (In re Manges)*, 29 F.3d 1034, 1038 (5th Cir. 1994). "A controversy becomes moot in the traditional sense when, as a result of intervening circumstances, there are no longer adverse parties with sufficient interests to maintain the litigation." *Id.* "Many courts, including [the Fifth Circuit], however, have employed the concept of 'mootness' to address equitable concerns unique to bankruptcy proceedings." *Id.* "In this context, 'mootness' is not an Article III inquiry as to whether a live controversy is presented; rather, it is a recognition by the appellate courts that there is a point beyond which they cannot order fundamental changes in [bankruptcy] reorganization actions." *Id.* at 1039. "Consequently, a reviewing court may

decline to consider the merits of a confirmation order when there has been *substantial consummation* of the plan such that effective judicial relief is no longer available – even though there may still be a viable dispute between the parties on appeal." *Id*. (emphasis added). When a court so declines to consider the merits of a confirmation order on appeal, it does so on the basis of equitable mootness. *See id*.

This court articulated the relevant test, relying on sister circuits, in two ways. First, the courts should "strike the proper balance between the equitable considerations of finality and good faith reliance on a judgment and the competing interests that underlie the right of a party to seek review of a bankruptcy order adversely affecting him." *Id*. Second, the court "must determine whether it is prudent to upset the plan of reorganization at this late date." *Id*.

In assessing these considerations, the courts look to three factors: (1) "whether a stay has been obtained" to prevent reorganization; (2) whether the reorganization plan has been "substantially consummated"; and (3) "whether the relief requested would affect either the rights of parties not before the court or the success of the plan." *Id*.

**A.    Whether the Spencer Committee Obtained a Stay.**

On December 31, 2009, the Spencer Committee filed before the bankruptcy court an emergency motion for stay.[5] On March 1, 2010, the bankruptcy court

---

[5] "[T]he bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge." Fed. R. Bankr. P. 8005.

No. 10-10858

heard the motion.  On March 5, 2010, the bankruptcy court entered an order denying the Spencer Committee's motion for stay.

## B.    Whether the Plan Has Been "Substantially Consummated."

### 1.    The Substantial Consummation Test.

To determine whether a Plan has been "substantially consummated" so as to satisfy the second element of the three-part test, the courts must consider the following factors provided by the United States Bankruptcy Code:

(A)    transfer of all or substantially all of the property proposed by the plan  to be transferred;

(B)    assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

(C)    commencement of distribution of the plan.

11 U.S.C. § 1101(2); *see also In re Manges*, 29 F.3d at 1041.

"In exercising its discretionary power to dismiss an appeal on mootness grounds, a court cannot avoid its obligation to scrutinize each individual claim, testing the feasibility of granting the relief against its potential impact on the reorganization scheme as a whole." *In re AOV Indus.*, 792 F.2d 1140, 1148 (D.C. Cir. 1986).  With this rigorous standard for discretionary review in mind, this court evaluates the feasibility of the Spencer Committee's claims alongside the "potential impact on the reorganization scheme as a whole." *See id.*

The Spencer Committee argues that the Plan has not been substantially consummated primarily based on its own allegations of the debtor's fraud in the creation of the debt itself.  In addition, the Spencer Committee argues that the litigation trust, which is incorporated by the Confirmation Order and Plan, permits the future recovery for fraud in the debt recovery.  This court concludes that the Spencer Committee has made no showing of fraud with respect to the Confirmation Order such that revocation of the order would be appropriate.

6

No. 10-10858

**2.    Whether the District Court Recognized the Existence of "Sufficient Evidence of Fraud".**

Based upon the district court's independent conclusion that the Plan has been substantially consummated pursuant to 11 U.S.C. § 1101(2), the record before this court sufficiently demonstrates that a substantial portion of the property proposed by the plan to be transferred has been transferred. Moreover, the distribution of the Plan has more than commenced, but has been materially advanced, such that the relief requested by the Spencer Committee does not outweigh the disturbance that would occur to the success of the reorganization and to third parties, in light of the public trading of the newly organized common stock. *See id.* § 1101(2)(A)-(C).

**C.    Whether the Spencer Committee's Requested Relief Would Affect the Rights of Parties Not before the Court or the Success of the Plan.**

This final inquiry focuses upon whether the requested relief would adversely impact the success of the Plan or the rights of third parties not before the court. The new common stock has been publicly traded since January 6, 2010 and in no small quantity of shares. The district court concluded that numerous third parties' financial rights would be adversely affected by the proposed *de novo* review and fact-based inquiry proposed by the Spencer Committee. *See Berryman*, 159 F.3d at 946; *see also In re Block Shim Dev. Co.-Irving*, 939 F.2d 289, 291 (5th Cir. 1991). Accordingly, this court concludes that, after a careful consideration of the requested relief as against the potential impact upon the success of reorganization and upon the rights of third parties not before the court, the Spencer Committee's requested relief will adversely affect the success of the Plan overall and the rights of third parties not before the court.

No. 10-10858

## Conclusion

In conclusion, (1) the Spencer Committee appeared before the bankruptcy court and did not obtain a stay, (2) the Plan has been substantially consummated, and (3) the Spencer Committee's requested relief would adversely impact the success of the Plan or the rights of third parties not before the court. Accordingly, on the grounds of equitable mootness, this court affirms the district court's order granting Idearc's motion to dismiss the Spencer Committee's appeal of the Confirmation Order of the Plan.