# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10965

In the Matter of:  STEWART PHILLIP MCCRAY,

Debtor

United States Court of Appeals
Fifth Circuit

**FILED**

November 12, 2015

Lyle W. Cayce
Clerk

------------------------------

STEWART PHILLIP MCCRAY,

Appellant

v.

ROBERT YAQUINTO, JR.; NIKKI MCCRAY; OCWEN LOAN SERVICES, L.L.C.; WILLIAM NICHOLSON,

Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-1034

Before JOLLY, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Yaquinto previously moved to dismiss this appeal as equitably moot. Whether an appeal is equitably moot is determined by three factors: "(i)

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whether a stay has been obtained, (ii) whether the plan has been 'substantially consummated,' and (iii) whether the relief requested would affect either the rights of parties not before the court or the success of the plan." *Manges v. Seattle-First Nat'l Bank (In re Manges)*, 29 F.3d 1034, 1039 (5th Cir. 1994). Here, all three *Manges* factors favor equitable mootness: Both parties agree that no stay was obtained; the plan has been substantially consummated because the plan administrator transferred property and fully funded the claims reserve and McCray's divorce has been finalized pursuant to the plan;[1] and the rights of third parties—Nikki McCray and the Nicholsons—would be affected if the plan were overturned. Further, this case does not implicate any of the concerns raised in *Pacific Lumber* because dismissing the appeal does not impact secured creditors nor did the plan present the court with a "*fait accompli*[:] a plan that was substantially consummated within weeks of confirmation." *In re Pacific Lumber Co.*, 584 F.3d 229, 242 (5th Cir. 2009).

For the above reasons, we order that the motion to dismiss the appeal as equitably moot, previously ordered carried with the case, is now GRANTED and the appeal is DISMISSED.

---

[1] Because "[t]he ultimate inquiry is whether the court can grant [appellate] relief without undermining the plan," we consider facts that occurred during the pending appeal, not just those that had occurred when the district court entered judgement. *In re Idearc, Inc.*, 662 F.3d 315, 319 (5th Cir. 2011) (citation omitted). Accordingly, the Nikki McCray's motion to supplement the record is GRANTED, McCray's motion to supplement the record is GRANTED, McCray's motion to file corrected briefs is GRANTED, and McCray's motions to strike record excerpts and references in appellate briefs are DENIED.